McCAULEY'S ADMINISTRATOR, Defendant in Error, *vs.* CLEVELAND, Plaintiff in Error.

1. The receipt of a share of the *profits* of a concern does not necessarily create a partnership in the *stock*, as between the parties.

*Error to McDonald Circuit Court.*

The case is stated in the opinion of the court.
*Edwards*, for plaintiff in error.
No brief or appearance for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

James McCauley, in his lifetime, commenced his civil action in the Circuit Court of McDonald county, against Jasper Cleveland. McCauley, in his petition, stated that on the 1st day of February, 1850, he bought of Cleveland, the defendant, one half of a blacksmith shop and a set of tools, and entered into partnership with the defendant in the blacksmith business. He states that they were both to share equally in the profits of said business : he states that they worked together in said shop for some three months or more, in which time divers accounts were made against divers persons for various amounts.

He states the names of several persons, and the amount of the accounts due by them. He charges that defendant had collected these accounts, or a greater part of them, and has failed to account to the plaintiff for the same. He also charges that defendant sold the said blacksmith's shop and tools for some four hundred dollars, for which he (defendant) has failed to account with plaintiff. He states that he is still indebted to the defendant a small amount on the original purchase of the shop and tools. He asks for judgment for the amount found to be due him, after deducting such credits as the defendant may be entitled to, which plaintiff states he believes to be about forty-four dollars, leaving a balance of two hundred and twelve dollars, for which he asks judgment.

The defendant answered this petition by stating that the plaintiff, after he, the defendant, had purchased a blacksmith shop and blacksmith tools, desired to enter into partnership with the defendant, and it was agreed by defendant that if he, the plaintiff, would pay one half of the cost of said shop and tools, he and plaintiff should be joint owners thereof, and carry on the business in co-partnership with defendant.

Defendant says plaintiff afterwards came into the shop and worked with him about a month or six weeks, and left, and did not return. Defendant also states that plaintiff, during the time he worked with defendant, as aforesaid, received his full share of all the proceeds and profits of said concern, but never did pay the one half of the cost of said shop and tools, nor any part thereof, and had no interest therein. Defendant did sell said shop and tools and kept the proceeds, as he had a right to do. Defendant denies that he owes plaintiff any thing, but charges that he (plaintiff) owes defendant for the use of said shop and tools while he worked in said shop, the sum of twenty-five dollars, for which he asks judgment.

The plaintiff moved the court to strike out this answer. The record does not show what became of this motion. There was a trial by jury, and a verdict for the plaintiff. Defendant moved to set aside this verdict: his motion being overruled, he ex-

cepted and filed his bill of exceptions. The death of the plaintiff, McCauley, is afterwards suggested on the record, and Moses Allen, as administrator of the said McCauley, is admitted, by consent of the defendant, to prosecute the action as party plaintiff.

The bill of exceptions shows that, on the trial, the plaintiff proved that defendant sold the shop and tools mentioned in the plaintiff's petition, for four hundred dollars, and collected thirty dollars of the partnership debts; that McCauley purchased of Cleveland, for ninety dollars, one half of the shop and tools, and that McCauley paid Cleveland fifty dollars thereof, and Cleveland told witness that he did not know whether there were debts due the firm to pay the residue of ninety dollars. This was all the evidence given by the plaintiff. The record is silent as to what evidence was given by defendant; none appears to be saved by the bill of exceptions.

The court, at the instance of the plaintiff, gave the following instruction to the jury: "It is admitted by defendant that plaintiff was in partnership with him in the blacksmith shop and tools, and that defendant sold the shop and tools and kept the money; and if the jury believe from the evidence, that plaintiff paid defendant any amount on the shop and tools, plaintiff is entitled to recover the amount so paid, and the amount of partnership dues collected by defendant, after deducting the amount yet due defendant on the shop and tools; and that plaintiff is entitled to recover from the defendant half the amount for which the shop and tools were sold for by defendant." To the giving of this instruction the defendant excepted. The case is brought here by writ of error. The instruction given by the court for the plaintiff, as above set forth, raises the only matter for our consideration.

We cannot see how, from the record, as it is now before us, the Circuit Court could tell the jury that "it is admitted by defendant that plaintiff was in partnership with him in the blacksmith shop and tools." There is no evidence of any admissions by defendant about the partnership, and we suppose

the court founded this instruction upon the defendant's answer alone. We do not consider that the answer warrants any such instruction. True, it states what would be sufficient to charge McCauley and Cleveland as partners, in favor of third persons; but this may very often occur, and persons who are in reality not partners, may, from their acts, render themselves liable to be considered partners by third persons, and be made responsible as such. But here, the receipt of one half of the profits did not make McCauley a partner with Cleveland in the shop and tools, and there was no evidence which warranted this instruction, other than the answer which denies the partnership. It was error, therefore, to give it.

The instruction is wrong in another point of view, and was calculated to mislead the jury. The court tells the jury, "If they believe the plaintiff, McCauley, paid any amount on the shop and tools to the defendant, that the plaintiff is entitled to recover the amount so paid; also, entitled to recover from defendant half the amount for which the shop and tools were sold by defendant." This is obviously incorrect. The defendant is not bound to pay back to plaintiff the consideration money for the shop and tools, which plaintiff was to pay or had paid to him at first; and also, pay to him half of the price for which defendant afterwards sold the shop and tools.

The Circuit Court erred in giving this instruction; its judgment is therefore, with the consent of the other judges, reversed, and this case is remanded for further proceedings.