Chief Justice Robertson
delivered the opinion of the Court.
Ambrose and Mastín, (carpenters,) entered into an article of agreement with Morford. whereby they agreed to do, “in a plain, though workmanlike manner,” specified carpenters, and house joiners work, on the house of Morford, and be promised to pay them therefor, $,100 in money, and ‡50 in goods, to be paid at the store of J. W. Morford.
Having, as they alleged, completed the work, they brought an action of covenant against Morford, tore-cover the price, which he covenanted to pay them.
On the trial, it having been proved, that the work had been done, but not all in a workmanlike manner, and that Morford was living in the house, the court refused to instruct the jury, that if the work had not been done conformably to the contract, they should find for Morford; but instructed them, that if Morford received the work, he was responsible, on the cove - nant, for the stipulated price, subject to a deduction, if Morford desired it, for the defective execution oí the work.
The jury having found a verdict for the plaintiffs, this court reversed the judgment rendered upon it, and remanded the case for proceedings consistent *689 with the principles contained in the opinion. This case is reported in VI. Monroe, 609.
If there be a special agree-force,Onese-oute.d ?nd un“ s¡utoannotbe maintained countf0 ™
On the return of the case to the circuit court, Am-brose and Masiin brought this suit, in assumpsit, 4iquantum, meruit.”
On the general issue, the jury found a verdict for the plaintiffs, for $266 70 cents in damages; for which the court gave judgment.
This amount exceeds $ 150, and the legal interest upon it; wherefore Morford has appealed.
After the manner of executing the work, and the value of it, were proved by the plaintiffs below, and the written contract was exhibited by the defendant, and admitted, the court refused to instruct the jury, on the defendant’s motion, that they could not assign the damages beyond $150, or that sum, and legal interest upon it; but did instruct them, at the instance of the plaintiffs, that, if the defendant accepted the work, he was responsible for its value, although that might exceed the amount faxed by the written contract.
The circuit court erred in withholding the instruction proposed by the appellant, and in giving,' that which it did give.
•As a general principle, none is better established by authority, or is more reasonable, than, that a condition precedent shall be fully performed, before a suit, on the. contract, can be maintained, by the party, who had undertaken such condition.
The integrity of contracts requires the inflexible enforcement of this principle-, in all cases, to which its reason is applicable.
When a contract is entire, a full and substantial performance of a condition precedent, by the plaintiff, must be shewn before he can recover on the contract.
lf a Special agreement be still in force, unexecuted and uurescinded, a suit cannot be maintained on a general count.
There are some American decisions on these points, which have applied the true doctrine, and properly discriminated between ft1- letter and its snirit. -See *690 Tuttle vs. Mayo, VII. Johnson’s reports, 132, Raymond, et al. vs. Bernard, XII. Ib. 274, McMillin vs. Vanderlip, Ib. 166, Jennings vs. Camp, XIII. Ib. 94, Faxon vs. Mansfield, II. Massachusetts reports, 147, Whiting vs. Sullivan, VII. Ib. 109.
Where performance of precedent condition has be-n prevented by dof’f, plain tiff may recover, on a generalcount, value of services which he has performed.
If there be a irient^ncUhé ' " work be done, but'not inper-sutmee of it, plaintiff may recover upon quantum mer-uit. But in such case, there can be no recovery upon a quantum meruit, unless there has been entire pei-form-anceof the precedent condition, “hut not in as good, or perfect a manner as the coned.” B<1Uir
When a complete performance has been prevented by the act of the defendant, the plaintiff, who has partially performed, may recover, on a general count, the value of the advance, which he had made, or of the service, which he had performed: Linningdale vs. Livingston, X. Johnson, 36, and the authorities there cited; Will and Green vs. Ogden, XIII. Ib. 56.
In such a case as this, it ¡3 laid down in Buller’s N» p, j 49, “ That, if there be a special agreement AND THE WORK BE DONE, but not in pursuance oj it, the plaintiff may recover upon a quantum meruit; for otherwise, he would not be able to recover at allThis doctrine is re--cognised by Linningdale vs. Livingston, used by this court in the former case, between these same parties, and by many other authorities. But, it has been sometimes misapplied, It properly applies to cases only, in which there has been an entire performance of the precedent condition, but not m as good or perfect a manner, as the contract required. Even this might be extending the doctrine, farther than many of the reported cases would justify. In Faxon vs. Mansfield, II. Massachusetts reports, 147, and in Whiting vs. Sullivan, VII. Ib. 10, it is decided that, if a builder undertake to build a house of specified dimensions, and materials, and deviate from the specification, he cannot recover on ^“quantum valebantf for his work, labor and materials.
There is some difference between the Massachusetts cases, and this. Here the work was all done, and the objection to it is, that a small portion of it was not done as well as it should have been; and therefore, perhaps, the reason of the Massachusetts cases would not apply to this case: If it would, however, we cannot regard those cases as orthodox, but must prefer Slarkie and Buller, and the authority of this court. We approve the decision in VI. Monroe, as fixing- thr true doctrine on this point-
waiving special agreo-meet) and st]sit ,or qUan. turn meruit, price of worlc "Especial contract-
The oniy thing, which remains to be decided, is the error of the court, in its opinion, as to the measure of damages.
The circuit court erred in supposing, that the special contract could be used for no purpose. When it is said, that, in such a case as this, the plaintiff may recover on a quantum meruit or valcbat, .¡.Nothing more is intended, than that he may recover whatever be may be entitled to, not exceeding the price fixed bp the special contract,
The appellees, having agreed to do the work for a stipulated sum, cannot be entitled, by implied contract, to a larger sum. The law will not imply, that the appellant agreed to give more. In “/oró conscien-ciae” he could not be required to pay more. Any olhei doctrine would legalize fraud and injustice, and encourage the breach of special agreements.
It would be strange, that a workman should be entitled to more for bad, than for good work; or, that he could recover more for violating his contract, than he could claim for a faithful fullilment of it.
Such a doctrine would be inconsistent and absurd. It is refuted by the very principle, on which the right to recover any thing at all is founded. . The appellants could not recover the $150, because they were not entitled to so much. They were not entitled to that sum, because they had not done, what they were bound to do, before they could claim it.
But, because it would be unjust to withhold from them, any compensation, they are permitted to waive their express contract, and recover something on a general count, for work and labor. That something must necessarily be less, than the sum stipulated by the positive agreement. For, as they were not entitled to the whole, when they are allowed any thing, it must be only apart. And this not only seems to be the deduction of reason, but is well established by authority. See II. Starkie, 97, Buller’s N. P. 139, Fenner vs. Lewis, X. Johnson, 38. These authorities shew, that the special contract may be used '"to lessen the damages.” The same thingis virtually decided in Finnell vs. Roberts, III. Monroe.
la assumpsit for carpenters work done, jury may give interest on the value of the work if they choose.
Mills and Brown, for appellant; Crittenden, for ap-pellees.
There is a strong analogy between that case anil this. In that case, the doctrine is settled, that suits may be maintained on the contracts implied by law in cases, in which suits, on the express contracts, are forbidden by the statute of frauds and perjuries; and that in such suits on the implied contracts, the special contracts may be used to prevent a recovery of more than the express contracts would allow, or sooner than they would permit. There is the same reason for applying the same doctrine to this case.
If, by the express contract, the price of the work had not been due before 1830, a suit on the implied contract should not haye been sustained in 1828, and consequently the damages should not exceed the limit prescribed by the special agreement. The same principle is virtually settled in Wright vs. Wright, I. Littell’s reports, 179, in which it is decided, that the special contract must govern, as far as it can be traced, in special cases, in which the plaintiff may recover “ex contractu,” other damages than the express agreement would permit.
The appellants might recover, whatever their work was-actually worth, less than $150. The work, asif well done, should be estimated at $150, and then a deduction should be made for the difference in value, between the work, as it was done, and as it should have been done.
The jury might superadd interest, if, under all the circumstances, they should be of the opinion, that the appellant is justly chargeable with any delinquency; otherwise, if the delay in the payment has resulted solely from the negligence or omission of the appel-lees, interest should be withheld.
The judgment of the circuit court is reversed, and the cause remanded for further proceedings, consis* tent with this opinion.
Sote.. — Judge Underwood did not sit ip this case. — Repórter.