STATE *v.* WILLIAM THOMPSON, alias ROBINSON, and S. J. BAER.

Where two parties were indicted together under the Act of the 6th of March, 1819, and there were two counts in the indictment, one charging the defendants with having inveigled, taken, stolen, and carried away a certain slave, and the other charging them with having aided the same slave in running away from the service of his master, and being tried together, upon the same evidence, the jury convicted the one on the first charge, and acquitted him on the second; and acquitted the other on the first charge, and convicted him on the second.—*Held:* That there is no impossibility in the co-existence of the crimes detailed in the indictment, and the commission of them by one or more individuals at the same time, and consequently there is no repugnancy in the counts or the findings under them.

APPEAL from the First District Court of New Orleans, *Hunt, J.*

*M. A. Foute,* District Attorney, for the State. *W. D. Hennen,* for appellant.

COLE, J. The appellant, *Baer,* together with one *Thompson,* was indicted under the third section of the Act of 6th March, 1819. Acts of 1819, p. 63.

That section is in the following words:

"From and immediately after the passing of this Act, all and every person and persons who shall inveigle, steal, or carry away any negro or other slave or slaves, or shall hire, aid or counsel any person or persons to inveigle, steal, or carry away as aforesaid, any such slave, so as the owner of such slave or slaves shall be deprived of the use and benefit of such slave or slaves, or that shall aid any such slave in running away, or in departing from his master's service, such person or persons, so offending, on conviction of any such offence, shall suffer imprisonment at hard labor, for a term not less than two, nor more than twenty years."

The indictment contains two counts: the first charges the defendants with having inveigled, taken, stolen and carried away a certain slave named *John;* and the second charges them with having aided said slave in running away and departing from the service of his master.

The accused were tried together, and upon the same evidence.

*Thompson* was found guilty of the first, and acquitted of the second charge, and *Baer* was acquitted of the first, and found guilty of the second.

A motion for a new trial, and in arrest of judgment, having been overruled, the defendants were both sentenced to five years imprisonment, at hard labor, in the penitentiary.

*Baer* has alone appealed.

The whole defence in this court is based upon the supposed impossibility of the coëxistence of the crimes detailed in the two counts and the commission of them by one or more individuals at one and the same time.

It is urged that the statute creates two classes of offences, each clearly distin-

STATE
*v.*
THOMPSON.

guishable from the other. That, under the first, it is a-crime to "inveigle, steal or carry away a slave," under the second, it is a crime to "aid a slave in running away or departing from his master's service."

This statute was intended for the protection of the owners of slaves in the enjoyment of their property.

We are of opinion that one may steal a slave and at the same time may aid him in departing from his master's service.

When a slave is stolen he is not always carried away by force, perhaps, as a general rule, the slave is induced to run away under the promise of liberty in a free State, whilst the real object of the criminal is to induce him to leave, so that he may sell him.

The crime of stealing is involved in this act, for the slave is induced by certain motives to depart, whilst the intent of the tempter is to deprive the owner of his property.

A slave being possessed of corporeal and spiritual properties may be stolen in two ways; he may be either carried away forcibly, or his mind may be operated upon so as to induce him to leave voluntarily the service of his master, and to accompany freely the one who has influenced him by motives. In either case the owner loses his slave.

Two persons may agree to steal a slave, one may operate upon his mind and induce him to leave the service of his master and to accompany the other who intends to sell him. The first has then, in the sense of the statute, aided the slave in running away, the second has stolen him.

The learned District Judge in his opinion says, "the object of the law is to secure to the owner the enjoyment of slave-property.

"The acts charged in the indictment go to deprive the owner of the enjoyment of that species of property. The offences in the two counts are of a kindred character. They produce the same mischief, and their punishment is put on the same footing, and provided for in the same section of the Act. There is no repugnancy in the counts or the findings under them.

"*A* may inveigle away a slave, entice him away so as to deprive the master of the use and benefit of such slave, and *B* may in many ways aid the slave so influenced or enticed, in running away and departing from his master's service."

Judgment affirmed, with costs.