### GATHINGS *v.* THE STATE, 44 Miss. R., 343.

#### RETAILING.

Several persons indicted jointly may be tried separately, at the option of the state; and in an indictment against two or more, where the charges are joint as well as several, one may be convicted and another acquitted by the jury, and judgment rendered accordingly. But where several persons are jointly indicted and convicted, the sentence must be several, and the imposition of a joint fine would be erroneous.

The 9th Art. of the Rev. Code, p. 199, is held to introduce a new rule of evidence in the trial of those indicted for violation of its provisions; and where partners are jointly indicted under that article, they may be convicted and punished, although one of them may have been wholly ignorant of the commission of the illegal act; each being responsible for the illegal act of his copartner, whether he participated in it or not.

There is no partnership in crime, and hence it is not necessary to allege in the indictment that several committed the offense as partners. So, under this statute, it is immaterial whether the liquor was sold by the defendant or by his servant or partner, with or without his knowledge or assent; having an interest in the liquor sold, he is indictable whether he assented to, or knew of the sale or not.

Error to Monroe circuit court. BRADFORD, J.

Plaintiff in error assigned the following errors:

1. The court erred in admitting the testimony of William McMillan to go to the jury.

2. The court erred in excluding that portion of the testimony of George C. Coleman elicited upon cross-examination by defendant.

3. The court erred in giving the charges asked for by the state.

4. The court erred in refusing charges asked for by the defendant.

5. The court erred in overruling motion of defendant for a new trial.

6. It was error to try the plaintiff in error before the cause was at issue, or was disposed of as to said Weaver and Burke, and error to try him separately.

*George L. Potter*, for plaintiff in error.

The judgment should be reversed, because—

1. The indictment was against them jointly—plaintiff, and Weaver and Burke—and there was no order for a separate trial, and no issue as to Weaver and Burke. It was error in such a state of case to try the plaintiff in error separately, and leave the cause still pending as to the other defendants.

2. The evidence does not justify the verdict. The indictment was for selling in *less* quantity than one gallon. The only proof of a sale is by McMillan, who bought " a bottle of whisky," &c., and the only proof of quantity is to be found in that one word, " bottle." The witness bought " a bottle of whisky," but in so buying did he purchase " less than one gallon ?" There is no proof as to quantity. The size or capacity of a bottle cannot be *known*, but must be proved. Webster defines " a bottle " to be " a narrow-mouthed vessel for liquor," and thus that the word indicates form and not capacity.

3. It was error to exclude the testimony elicited on cross-examination of Coleman. The only act of selling spirits in the house was done by one Burke. It was not proved that Burke was a partner of Gathings; and the only evidence to show he had anything to do with the store is the statement of McMillan, who found Burke behind the counter, and bought the whisky and some other articles from him in the absence of the defendant. It was necessary to prove that Gathings was criminally responsible for this act of Burke. To do this, the state must show that Burke was clerk or agent of Gathings, and sold the liquor by his " consent or connivance," as stated in the first instruction for the state; or sold the whisky as a *part of the business* of his principal (Gathings), as stated in the second instruction. In view of such instructions, it is apparent how important was the excluded testimony. They sought to infer the consent or connivance of defendant in the sale of a single bottle of whisky, to raise a presumption of his " concurrence or consent," from the alleged fact that Burke made the sale *as a part of the business* in which he was employed by defendant. The excluded evidence showed that the store was a " dry goods house," and not a liquor store.

4. There was no evidence to prove the charge made in the indictment. The charge is a joint sale by *three,* and must be proved as laid; but is not proved. Nor is it shown that Gathings authorized or consented to the sale. A charge of crime cannot be sustained on such meagre .proof.

5. The first charge for the state is erroneous. It asserts that defendant is guilty if the "liquor was sold in his house by his consent or connivance." It leaves out of view the important questions whether the liquor belonged to the defendant or his firm, and whether Burke sold for either of them. If Burke owned and sold the liquor on his own account, and not for defendant or his firm, the defendant would not be liable under this indictment, even though the sale was in his house, and with his consent; for it would not in any sense be a sale by the defendant.

6. The second charge, in the alternative form in which it was presented, is clearly erroneous.

7. The court erred in refusing the charge asked for the defendant. Defendant was charged with selling whisky without license; and surely he was not guilty if he "did not sell the whisky himself as charged," and did not authorize any one to make such sale for him.

8. For like reason it was error to refuse the other charge. Defendant was not guilty if his firm did not make sale, and if he did not make nor consent to the sale.

*J. S. Morris,* attorney general.

It is wholly immaterial whether Burke, who is proved to have sold the whisky in the defendant's store, was at the time a copartner or a mere employé. Commonwealth v. Nichol, 10 Metc. (Mass.), 259; Ib. v. Park, 1 Gray (Mass.), 553; Ib. v. Bayley, 7 Pick., 279; 1 Wharton's Cr. L., § 594. The statute under which this indictment proceeds, by express words applies to "any person who may *own or have any interest in*" the liquor sold. See Whitton v. The State, 37 Miss., 379.

As to whether the "bottle of whisky" proved to have been sold in defendant's store was "less than a gallon," it is merely a question of *fact,* to be decided by the jury, and the jury have

decided that it was. In so deciding, they doubtless gave to the phrase "a bottle of whisky," its "plain, natural, obvious, and ordinary signification;" and this was manifestly their duty under the law. See Bouvier's L. Dic., tit. "Construction;" Rev. Code of 1857, p. 643, art. 1.

TARBELL, J.:

At the February term of the Monroe county circuit court, 1868, C. M. Weaver, J. W. Gathings, and J. Burke were indicted for selling spirituous liquors in less quantities than one gallon without a license. Weaver and Gathings were arrested, but as to Burke the *capias* issued on the indictment was returned by the sheriff "not found." At the July term, 1870, of said court, the plaintiff in error, Gathings, was tried, convicted, and fined in the sum of one hundred dollars, besides costs.

Upon the trial, the following instructions were given to the jury by the court, on the part of the state: 1st. If the jury believe, from the testimony, that defendant was one of the firm of G. W. Gathings & Co., and that whisky in less quantity than one gallon was sold in his house, by his consent or connivance, they will convict.

2d. If the jury believe, from the testimony, that Burke was a clerk or agent of defendant, and sold whisky as such clerk or agent, as a part of the business of his principal, they may pre-. sume his concurrence and consent.

The following were given for the defendant:

1st. It devolves on the state to prove every material allegation in the indictment, to make the case out.

3d. The jury must find their verdict from the testimony adduced, and unless they believe from the evidence that the accused did the act charged, in person, they cannot find the accused guilty, unless they shall believe from the testimony that the act charged was committed by some one else, with the knowledge of the accused, or by the authority of the accused.

The following was refused:

2d. The defendant asks the court to charge the jury, that unless they believe from the testimony that Gathings, the defendant, and Weaver were partners in the sale of spirits, or

that the defendant sold the spirits himself, or consented to the sale, they will find the defendant not guilty.

The following testimony was objected to by the district attorney, to wit: A witness for the state, on cross-examination, testified that "the house or store of G. W. Gathings & Co. was a dry-goods house, including sugar, coffee, and some few other articles in the grocery line; that he was frequently about the house, and bought a pair of shoes in the house of G. W. Gathings, and never saw any whisky in or about the house," which answer was excluded by the court from the consideration of the jury, and the defendant excepted.

A motion for a new trial was made by the defendant, on the following grounds:

1st. Because the court erred in refusing charges asked by defendant, and in giving charges for the state.

2d. Because the jury found contrary to the law and the evidence; which motion was overruled, and the defendant excepted to this action of the court, and brought the case to this court for review, assigning for error the following:

1st. The court below erred in admitting the testimony of William McMillan to go to the jury.

2d. The court below erred in excluding from the jury that portion of the testimony of George C. Coleman elicited upon cross-examination.

3d. The court below erred in giving charges asked for by the state.

4th. The court below erred in refusing charges asked for by the defendant.

5th. The court below erred in overruling the motion of defendant for a new trial.

6th. It was error to try plaintiff in error before the cause was at issue, or disposed of as to said Weaver and Burke, and even to try him separately.

None of the causes of error are well taken. "When several persons are jointly indicted, they may be tried separately, at the option of the commonwealth to do so." Wharton's Am. Cr. Law, § 433; Curran's case, 7 Gratt., 619. In an indictment against two or more, it is generally true that the

charge is several as well as joint, so that if one is found guilty, judgment may be rendered against him, although one or more may be acquitted. To this rule there are exceptions, as in case of conspiracy or riot, to which the agency of two or more is essential; but violations of the license law not being within the reason of these exceptions, come under the general rule. Wharton's Am. Cr. Law, § 435; State v. Smith, 2 Iredell, 402; Com. v. Griffin, 3 Cushing, 523; State v. Lyerly, 7 Jones N. C., 159. Where several persons are jointly indicted and convicted, they should be sentenced severally, and the imposition of a joint fine is erroneous. Ib.; Waltzer v. The State, 3 Wis., 785; Straughan v. State, 16 Ark., 37; Cord v. Com., 14 B. Monroe, 386. Vide, also, State v. Gay, 10 Mo., 440; State v. Barry, 21 ib. (6 Bennett), 504.

The State v. Lyerly, 7 Iredell, 158, was an indictment against a man and woman for adultery. The man alone was put upon trial. To objection made in arrest of judgment, the court say: "It is well settled, that one, in the absence of his confederate, may be put upon trial, convicted and punished; the possibility that the confederate may be afterwards acquitted, will not arrest the execution of the law upon the one found guilty."

7 Dana, 229, was a joint indictment, and a general verdict of guilty against several for keeping a tippling house. The court said: "In prosecutions in behalf of the Commonwealth, each individual is responsible for his own individual act, and must answer to the commonwealth, personally, for his personal offense." If both are guilty, each is guilty, and each must make his fine to the commonwealth for the penalty fixed by law to the offense of which he has been found guilty.

But the record shows no objection to the separate trial of Gathings. For aught that appears, the defendant elected to be tried separately, and prior to any issue as to the other defendants, and before any disposition of the charges against them. In Curran's case, 7 Gratt., 619, the court say: "The presumption is, that defendant elected or assented to a separate trial prior to the disposal of the indictment against his co-defendant."

The testimony excluded from the jury by the court, was wholly immaterial and unimportant. It was entirely negative,

and could not have had the slightest weight with the jury.  In fact it neither established nor negatived anything, except the utter ignorance of the witness as to the real issue in the trial.

The second instruction asked by defendant, was properly refused by the court.  The remaining instructions submitted the case much more favorably for the defendant than the court was required to do.  Art. 9, p. 199, Rev. Code, enacts that "if any person shall sell any vinous or spirituous liquor in any quantity less than one gallon, without a license therefor   *   .*      the person so offending (and also any person who may own or have any interest in any vinous or spirituous liquor sold contrary to this act) shall be liable to an indictment," &c.   This statute is held, in Whitton & Ford v. The State, 37 Miss., 380, to introduce a new rule of evidence.   Ford was not present at the sale in that case, and so far as the record showed, or the witness on the trial knew, he had no knowledge of the sale.   The defendants, Whitton and Ford, were partners, jointly indicted and convicted.   On error the verdict was sustained.   The court say:  " That Ford was responsible for the illegal act of his co-partner, whether he participated in the act or not."   Of this statute, the court in that case say:  " Its object is as plain as its terms are clear.   It was intended to reach a grievous evil in the community, by which persons of more or less responsibility engaged worthless or profligate persons in the business of retailing spirituous liquors, for the profit of their employers, in violation of the law of the land, resorting to all sorts of pretences, artifices and frauds, to conceal the violations of law, or the guilty participation of the principals in it.   Persons who, by their means, set up and enable others to engage in a business which in its very nature is almost inseparable from violations of law, have no right to complain that the tribunals of justice are clothed with adequate powers to drag them from their concealment, and to visit upon them some slight degree of punishment for the misery and crime which they have been instrumental in inflicting upon the community within the range of their influence."

" There is no partnership in crime, and therefore it is not necessary to allege that several committed an offense as part-

ners." Gay v. The State, 10 Mo., 44. So it is immaterial under this statute whether the whisky was sold by the defendant, or by his servant or partner, with or without his knowledge or assent. Having an interest in the liquor sold, he is indictable, whether he assented to or knew of the sale or not. 37 Miss., 379; 1 Bishop Cr. L., §§ 430, 432, 616, 619, 1001, 1155; 1 Gray, 553; 5 Humph., 138; 6 Dana, 293; 14 Mo., 259; 31 Me., 520; 21 Ver., 484; 4 Ohio St., 563; Wharton Am. Crim. L., § 153.

It will be seen that under Art. 9, p. 199, Rev. Code, the instructions in this case are much more liberal to the defendant than he had a right to demand. Upon the issues presented by these instructions the jury have found the defendant guilty. The testimony as presented by the record is not very full, but these are cases peculiarly within the province of the jury. There were submitted to them, virtually, by the instructions, these questions: Was the defendant one of the firm of Gathings & Co.? Had he an interest in the whisky sold? Was the whisky in less quantities than one gallon sold in the house by consent? Was Burke a clerk or agent of Gathings & Co.? Did he sell the whisky as such agent or clerk as a part of the business of Gathings & Co. with the consent or connivance of defendant? To each and all of these questions the jury, on their oaths, have answered in the affirmative, and we are not disposed to disturb their finding. There is sufficient testimony to sustain their verdict.

Let the judgment be affirmed.