CHARLES C. BENNETT, Administrator, *vs.* SYNDICATE INSURANCE COM-
PANY and others.

February 24, 1890.

Struck Jury—Waiver of Irregularities in Order.—A trial of this action
terminated in a disagreement and discharge of the jury. On plaintiff's
motion for a retrial at the same term, the court ordered, for reasons which
we must presume to have been adequate, although not stated in the order,
that the cause stand continued, unless the plaintiff should consent to try
it to a "struck jury." Plaintiff consented in writing, participated in the
selection of such a jury, and tried his case. *Held*, that he could not ques-
tion the regularity of the order, after verdict.

Same—Waiver of Written Demand.—No formal demand was made by
either party, as contemplated by Gen. St. 1878, *c.* 71, § 15, for a struck
jury, but this was well known by the plaintiff when he accepted the con-
ditions of the order, and took part in the selection of the jurors. *Held*,
that he waived the irregularity mentioned.

Impeachment of Witness—Testimony at Former Trial.—A witness for
the plaintiff was charged, when testifying, with having materially
changed and added to his testimony as given upon the previous trial.
This he denied, whereupon the court stenographer who took the testi-
mony produced and read his notes in full. The witness recognized the
same as correct. All of the testimony was then offered by the defend-
ants, and received in evidence, under objection, in support of the claim
that the witness had changed and added to his testimony upon a material
point. *Held*, that the court did not err in ruling the same admissible.

Other alleged errors in the rulings of the court when taking the testimony,
and errors said to have occurred in its charge to the jury, considered and
disposed of.

Plaintiff, as administrator of Gustave Brown, deceased, brought
this action in the district court for Hennepin county, to recover
$5,000 damages for the alleged negligence of the defendants causing
the death of his intestate. The St. Anthony Elevator had been de-
stroyed by fire, and Brown, being engaged with others in clearing
away the debris, was killed by the falling of a wall, under circum-
stances detailed in the opinion upon a former appeal. See 39 Minn.

254. After the decision of that appeal the case was again tried, and the jury disagreed. The order (mentioned in the opinion) granting plaintiff's motion for a retrial at the same term, on condition of his consenting to trial by a struck jury, was thereupon made by *Hicks,* J., and the cause was thereafter tried before *Hooker,* J., pursuant to such order, and defendants had a verdict. The plaintiff appeals from an order refusing a new trial. At the trial, Geo. B. Bradbury, one of the jurors, was challenged for cause by plaintiff, and the challenge was denied, no exception being taken. No objection was made to the struck jury or to any other juror. The motion for a new trial (in addition to the grounds that the verdict was against evidence, and for errors of law duly excepted to) was made on the ground that the court erred in overruling the challenge to Bradbury; that the jury was not a struck jury within the meaning of the law, because not demanded in writing and not paid for by defendants, but from the county treasury, and was not a jury known to the law; that the order for a continuance unless plaintiff consented to a struck jury was in excess of the discretionary power of the court, and it was irregular to order a struck jury when defendants were not entitled to it, and had made no written demand; and that the struck jury was irregularly selected, in that the sheriff made up the list of 40 names wholly from the city of Minneapolis, and from the friends, associates and neighbors of defendants, and not from the entire body of the county of Hennepin, and did not select such persons as were most indifferent between the parties and best qualified to try the issue.

*Merrick & Merrick,* for appellant.

*Hart & Brewer,* for respondents.

COLLINS, J. The plaintiff, as administrator, brought this action to recover damages from defendants for having caused, through negligence, the death of his intestate. The circumstances under which the latter lost his life are fully narrated in the opinion on a former appeal, (39 Minn. 254; 39 N. W. Rep. 488,) whereby an order refusing plaintiff a new trial was reversed. The cause was again brought on in district court at the December, 1888, term, and on the 24th of that month, after a trial which consumed several days, the jurors

disagreed, and were discharged. At a special term held February 23d following, plaintiff's counsel earnestly urged, by affidavits and otherwise, that an immediate retrial be had. It does not appear that this was very seriously opposed by defendants' counsel, but the court declined, ordering that, unless the plaintiff consented to a " struck jury," the case should stand continued until the next term, which commenced about April 1st. The plaintiff's counsel immediately served notice upon defendants' attorneys and upon the sheriff of their consent, appeared and took part in the proceedings whereby such a jury was selected, and tried their case in March. A verdict was had for the defendants, and this appeal is from an order denying a new trial. There are several assignments of error, and such as, in our judgment, need comment we will now proceed to consider.

1. It is urged that the court below erred in refusing another trial to the plaintiff at the December term and by the regular panel of jurors. The order refusing a retrial at the December term, unless plaintiff should agree to a struck jury, does not disclose the reasons or circumstances which actuated the court when making the same; but it is safe to presume that the reasons were well founded, and the circumstances sufficient to justify the action. From other parts of the record it is apparent that this way of disposing of the case at the pending term came to the mind of the court during the arguments, and by it was first put forth as a mere suggestion to the parties. The idea was adopted by the counsel for the defendants, and there is nothing whatever in the record of the proceedings at that time, to indicate that plaintiff's attorneys objected to the order as made. Indeed, they immediately signified their acquiescence by serving written notice upon the opposing counsel and upon the sheriff, at the same time requesting the latter to take steps to impanel the requisite number of jurors. This he did, the plaintiff's attorneys participated in the proceedings; a jury was obtained, and the case tried, before the appellant remonstrated or excepted in any visible manner. Although it is a fact that no formal request was made for a struck jury by either party, and the proceeding seems to have been irregular, the plaintiff, so far as the record shows, failed to object thereto. He accepted the condition imposed, proceeded to trial, and has waived

the irregularity, as he had a right to do if he so chose. By an affidavit, made subsequent to the rendition of an unfavorable verdict, he now attempts to prove that he protested against the order. To permit this, or to hold that it would be of consequence if clearly established, under the circumstances, would be to put the plaintiff in a position where, if the verdict had been satisfactory, he could abide by it; but, as it is against him, he may avoid it. The absurdity of such practice is apparent.

2. The assignment of error in reference to the jurors Bradbury and Elwell is not predicated upon any ruling or exception found in the settled case. Nothing further need be said about it.

3. During the trial several exceptions were taken by plaintiff's counsel to the rulings of the court upon the admission or exclusion of testimony, and these rulings are assigned as error. Such as are deemed worthy of mention we will now briefly discuss. Upon cross-examination of one of plaintiff's witnesses, Taylor, his testimony given upon the former trial was called for by respondents, and read to the jury, appellant objecting, by the stenographer who took the same. It was claimed by respondents that the witness had at the pending trial varied his testimony, and had given important evidence in appellant's behalf relative to a matter concerning which he had, on the former occasion, disavowed all knowledge. He was specially interrogated upon this point, but insisted that he had not changed or added to the testimony previously given. The witness admitted that the stenographer's version was correct, as read in the presence of the jury. It is evident that, if his testimony then being received differed materially from that which he had given at another trial, there was no error in the ruling; the fact was admissible for the purpose of discrediting the witness. That he had altered it, or added to it, in some important and material matter, could best be shown by producing it all and as an entirety. If, upon the other hand, there had been no material change in the evidence, no harm was done, and the appellant was not prejudiced by its admission.

4. The witness Garcelon was the foreman in charge of the day crew, in which the deceased was employed when killed. Under plaintiff's objection, he was permitted to state, in a brief and general way,

what instructions he had received from the defendants, as to exercising proper care while the men were engaged in removing the overflow of wheat from the walls. Immediately following this, he stated at length what was done to escape disaster, the vigilance used, and the precautions taken to avoid any exposure of the workmen to such unnecessary and unreasonable risks as were known, or such as the defendants ought to have known by the exercise of due diligence. It is manifest that the inquiry as to what instructions were given him was preliminary only, and in the direction of, or leading up to, the material evidence as to just what diligence was, in fact, used to ascertain that the place where the deceased and others were set at work was safe for the purpose. The statements of the witness as to what instructions he had received from the defendants were not offered, nor were they in the least relied upon, as evidence that any degree of care or diligence had actually been used; for they were immediately followed by the pertinent and material testimony from the same witness, as to what he did to assure the safety of the laborers. He gave evidence as to his acts in that direction, to establish the defendants' position that they did exercise reasonable diligence—that is, diligence proportionate to the occasion—to see that the place of employment was safe for the purpose. There was, under this condition of the testimony, no error in the ruling.

5. We do not deem it incumbent upon us to follow the counsel for the appellant through the many assignments of error made by them in respect to the charge of the court to the jury, or in regard to its refusal to instruct the jury in the language found in the six elaborate requests prepared and presented for that purpose. It is quite probable that the principles of law applicable to the facts involved herein might have been stated more concisely, but the charge is not open to the criticism of counsel that it was, as a whole, inaccurate, or that it tended to mislead and confuse, instead of aiding and enlightening, the jury. In it we find all of the propositions contended for by plaintiff upon the trial, which have place in an action of this character, stated clearly and intelligently. The jurors must have understood the law pertinent to the situation, and we see no ground for a reversal in anything the court said or omitted to say in its charge.

Finally, the issues in this case were well defined and clearly presented to the jury. It is possible that, upon all material points, the preponderance of the evidence was with the appellant, and he should have had a verdict. This is not enough, however, to warrant a reversal of the order refusing a new trial, and it must be affirmed.