STATE OF MINNESOTA *vs*. GERHARD H. THADEN.

May 26, 1890.

**Joint Indictment—Separate Trials—Waiver of Formal Order.**—Upon a joint indictment against several defendants, the court may direct the trial to proceed against one on the application of the state; and where the case against one was separately moved for trial, and a jury was sworn without objection by the defendant, *held*, that the failure to enter a formal order for a separate trial was not prejudicial error or ground for new trial.

**False Pretences including Promise — Evidence. —** Where a promise is connected with false pretences, and co-operates with them to influence the party deceived thereby, the promise may be alleged and shown as a part of the charge, if the pretence of past or existing facts is sufficient.

**Codefendant as Witness for State.**—Prior to the amendment of 1868 to Gen. St. 1866, *c*. 73, § 7, one defendant was not competent to become a witness for or against his codefendant until convicted, acquitted, or discharged. The amendment established a new rule, and, on a trial of one defendant under a joint indictment against two, his codefendant may offer himself as a witness, and give testimony in behalf of the state against the defendant on trial.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial.

*Johns, Michael & Johns*, for appellant.

*M. E. Clapp*, Attorney General, *M. D. Munn*, and *N. M. Thygeson*, for the State.

VANDERBURGH, J. The defendant was indicted jointly with Draper and Kingsley. The defendant Draper had not been arrested or found at the time of the trial, and the defendant Kingsley had given notice that he desired a separate trial, and appeared by a separate attorney.

1. We think the court did not lose its right and authority to proceed with the separate trial of defendant Thaden because no formal order therefor was made and entered when or before the case was called. The prosecution moved the case of "The State against Thaden," and it was so understood by both parties, and the defendant made no objection till the jury was sworn, and we must presume

that they were sworn in the case against him, and not against all the defendants. *Babcock* v. *People*, 15 Hun, 347, 353. By the common law, the court might grant or refuse separate trials in its discretion. This is so far modified by our statute (Gen. St. 1878, c. 114, § 6) that the defendant is entitled to it as a matter of right if he require it, but the court may also so direct, on the application of the state.

2. The substance of the false pretences by means of which the defendant is alleged to have fraudulently procured the property of the complaining witness, described in the indictment, is that Kingsley, one of the defendants, desired to purchase the property, and owned the note for $500, therein also described, which was stated to be secured by mortgage on a lot in South Duluth, so called; that the lot was worth $1,000, and that the note was worth its face value, $500; and that they promised that they would procure a purchaser of the note and mortgage of the complaining witness if he would deliver to them the property in question,—all of which representations were relied on and believed by him, and upon the strength thereof he delivered the same to them; that the defendants knew the representations so made were false, etc.; that the note was entirely worthless, and that the lot and mortgage security were worthless, and of no value whatever. These representations were not mere expressions of opinion. The mortgaged premises were positively represented to be of great value, and double the amount of the note, and the note to be a valuable security, worth its face value, when known to be worthless; and these representations were coupled with a promise to find a purchaser, which doubtless aided the consummation of the fraud, as it was well calculated to do. Where a promise is thus connected with false pretences, and co-operates with them in the inducement, the case is within the statute if the pretence of false existing or past facts is sufficient. The promise and the pretence may be so connected that it would be difficult to prove one without the other, and equally necessary to an intelligent statement of the facts that both be included in the indictment. *Com.* v. *Wallace*, 114 Pa. St. 405, (6 Atl. Rep. 685.) The indictment is deemed sufficient.

3. In the course of the trial the defendant Kingsley was offered as a witness, and was permitted to testify in the case against the objec-

tion of the defendant Thaden. This is also assigned as error. The common-law authorities differ upon the question whether, upon the separate trial of one defendant in a criminal case, his codefendant, before trial or discharge, may become a witness in the case for the prosecution. But the doctrine that he may is well supported. Whart. Crim. Ev. (9th Ed.) § 439; Hawk. P. C., b. 2, *c.* 46, § 90; *Noyes* v. *State*, 41 N. J. Law, 418, 429; 1 Greenl. Ev. § 379; *State* v. *Barrows*, 76 Me. 401, 407, and cases cited; and see *Wixson* v. *People*, 5 Parker, Crim. R. 119. But in this state, prior to the amendment of 1868 (Laws 1868, *c.* 70) of section 7, *c.* 73, Gen. St. 1866, the law was otherwise, and one defendant was not competent to be a witness for or against a codefendant until convicted, acquitted, or discharged. But under the amended statute a defendant in a criminal case, at his own request, becomes a competent witness. The amended section establishes a new rule, and necessarily repealed so much of the former section as it superseded, and also section 8, *c.* 114, Gen. St. Being made a competent witness, a defendant may offer himself as a witness against as well as for a codefendant on trial; in other words, he may be a witness in behalf of the state. And section 7, as well as section 8, *c.* 114, Gen. St., became inoperative by the amendment referred to. Under a similar statute in Massachusetts, it is held that, on a joint trial of two defendants, one may offer himself as a witness against his codefendant. *Com.* v. *Brown*, 130 Mass. 279. And in *State* v. *Barrows*, 76 Me. 401, 410, on a separate trial of one defendant on a joint indictment against two for murder, it was held, in a well-considered opinion, that his codefendant might, with his own consent, be called and allowed to testify against the defendant on trial. It can hardly be questioned that upon a joint trial either defendant would be a competent witness at his own option; and it would be singular if a different and more stringent rule should prevail in case of separate trials. We think no such distinction is contemplated by the statute. The court did not err in receiving the testimony of the witness.

We discover no ground for reversal, and the order denying a new trial is accordingly affirmed.