## WOODROW (WOODY) WILKINS v. STATE.

No. A-10428. April 4, 1945.
Supplemental Opinion April 18, 1945.
(157 P. 2d 764.)

L. Keith Smith, of Jay, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Riley Q. Hunt, Co. Atty., of Jay, for defendant in error.

BAREFOOT, P. J. Defendant Woodrow (Woody) Wilkins was charged in the district court of Delaware

county with the crime of larceny of livestock, to wit: One cow. He was tried, convicted and sentenced to pay a fine of $250, and serve four years in the State Penitentiary, and has appealed.

The only contention of defendant is that the court erred in granting a severance upon the application of the state after the jury had been impaneled to try the case. With reference to this, the record reveals that an information was filed on January 13, 1943, charging the defendant and Sidney Hilliard and Andrew Williams jointly with the larceny of livestock. A preliminary complaint had been filed in the justice of the peace court on September 4, 1942, and on October 19, 1942, defendant was given a preliminary hearing and was bound over to the district court. He was present at the preliminary hearing, and was represented by the same counsel who represented him in his trial in the district court. There is nothing in the record to show that the two codefendants ever had a preliminary hearing in the justice court.

The case was called for trial in the district court on January 27, 1943. Defendant was present in person, and by his counsel. Neither of the codefendants was present. The record recites, "the state and defendant each announce ready for trial." With this announcement a jury was selected and sworn to try the case, and the county attorney made an opening statement to the jury. Counsel for defendant reserved his statement. Up to this point neither of the codefendants had been present in the courtroom, and no objection had been made to their being absent, and no request made for their presence. At this time counsel for defendant moved the court to direct the jury to return a verdict of not guilty, which was overruled by the court, and exception reserved. Counsel for de-

fendant then made an oral objection to the taking of evidence, for the reason that the codefendants were not in the courtroom and were not present at the time the jury was impaneled; and asked that the court make a finding in the record to this effect, which was done.

The record reveals the following:

"Mr. Hunt (County Attorney): The state has a right to choose which one of them it wants to try. Mr. Smith (for defendant): There neither has been a severance asked for by anybody or granted. Will the court make the finding into the record? The Court: Let's not be in any hurry about it. Let the record show that during the proceedings up to this point the defendants Andrew Williams and Sidney Hilliard were not present. The defendant Woodrow Wilkins was present. As the record shows all the record made up to this time, the impaneling of the jury, the opening statement and the announcements that the defendant Wilkins was ready for trial was received on the theory that the defendant Wilkins was going on trial and the various objections that were made by Wilkins were just dictated into the record, as shown by the record, immediately before this ruling. The court refuses, at this time, to declare a mistrial and announces to the county attorney that he can ask for a severance. Mr. Hunt: Comes now the State of Oklahoma and requests the court for a separate trial for the defendant Woodrow (Woody) Wilkins. Mr. Smith: Comes now the defendant, Woodrow Wilkins, and objects to the request of the state and renews his motion for the court to declare a mistrial and asks the court to affirmatively find in the record that prior to this moment neither one of the three defendants nor the state had asked for a severance and a separate trial. The Court: Well, the record shows that. Severance is granted. The court, in the exercise of his discretion, orders that this defendant Wilkins be tried separately, in addition to the motion of the county attorney. Mr. Smith: On the order of the court, the defendant again asks the court to declare a mistrial;

that a new jury be drawn and the proceedings begun anew. The Court: Overruled. Mr. Smith: Exception."

The court then proceeded with the trial of the defendant, with the result above stated.

22 O. S. 1941 § 838 provides:

"When two or more defendants are jointly prosecuted for a felony, any defendant requiring it must be tried separately. In other cases defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court."

It will be noted that the above statute gives to the defendant the absolute right of a severance in a felony case. The court is without power to refuse it to him when demanded. The statute is silent as to the right of the state to have a severance. Under the common law the state, and not the defendant, had the right of severance, subject to the discretion of the court, as to whether defendants be jointly or separately tried. And while the statute above quoted changes the common law rule to give the defendant the right to demand a severance in felony cases, it does not take away the right of the state as it existed under the common law to separately try each of several defendants jointly indicted for a felony. In other words, the common law rule has not been abrogated by the above statute. Hoffman v. Commonwealth, 134 Ky. 726, 121 S.W. 690. The decisions of this court are in accord with the above doctrine.

It will thus be noted that while the statute gives to the defendant the right of severance, it does not confer upon him the right of a joint trial, nor does such right exist at common law. And the court in its discretion may order a separate trial on its own motion, without application therefor by either party. Hoffman v. Com-

monwealth, supra, citing the following cases: 19 Encyc. Pleading & Practice, 527; 12 Cyc. 506; Clark's Criminal Procedure, 154; Barnes v. Commonwealth, 92 Va. 794, 23 S. E. 784; Gathings v. State, 44 Miss. 343; State v. Prater, 52 W. Va. 132, 43 S. E. 230; State v. Roberts, 50 W. Va. 422, 40 S. E. 484; State v. Thaden, 43 Minn. 325, 45 N. W. 614; In re Curran, 7 Grat., Va., 619.

Having decided that the state has the right under the statute to apply for a severance, the same as the defendant, or that the court has the right to order a severance on its own motion, the question arises in this case as to when this severance may legally be had with reference to the trial of the case; and whether the defendant has been prejudiced by the action of the court, or waived his right to question the procedure had in the instant case.

In the early case of Bates v. State, 8 Okla. Cr. 436, 128 P. 163, 164, Ann. Cas. 1914C, 400, this question was before the court in an action where application was made by the state for a severance under the statute after the case was called for trial, and each party had announced ready. The court held that the court did not err in granting the severance, and adopted as its opinion the statement made in the brief of the Assistant Attorney General, which is as follows:

"It is contended that the trial court erred granting a separate trial, upon the application of the county attorney, of each of the defendants jointly informed against.

"Counsel for plaintiff in error contend that a severance could only be had at the request of either of the defendants, because the state, by informing against them jointly, had thereby elected to try them jointly, and was bound by such election. Counsel admits that he has been unable to find authority to support his contention. There is none.

"The statute of the state governing is section 6830 Compiled Laws of Oklahoma (22 O. S. 1941 § 838) as follows: 'When two or more defendants are jointly indicted for a felony, any defendant requiring it must be tried separately. In other cases defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court.'

"In the first place, it must be admitted that the state could have accomplished the separate trial of these defendants by informing against them separately; and neither defendant could have said nay, although jointly complained against, tried, and bound over, by the examining magistrate. People v. Plyler, 121 Cal. 160, 53 P. 553. If that be true, what would be the reason for a construction that the state may not directly do what it could have accomplished by indirection?

"An accused jointly indicted or informed against in a felony case has no absolute right to a joint trial. He cannot compel his codefendants to be tried with him; but each of them, by demanding separate trials, may thereby compel him to be separately tried. One of two joint defendants may plead guilty, thereby compelling the other to be tried alone.

"Will this court say that just because two men are jointly accused that they, or either of them, may compel the state to try both at the same time, or else not try either? Suppose one of them should never be arrested, or else make his escape after his arrest, then what remedy would the state have? Proceed against the other? No; because you have elected to prosecute him with the other, and you are bound by such election. Therefore he escapes punishment altogether, or the state must wait until the other is apprehended. What utter nonsense such a theory really is.

"In the case of In re Curran, 48 Va. 619 [7 Grat. 619], the General Court of Virginia said the following: 'I am of opinion that the objection upon which the third error assigned is based is neither sound nor plausible. It al-

leges "that it was error to try the prisoner separately; it not appearing that he elected to be so tried." By the common law, until it was changed by a recent act for the summoning of venires and impaneling juries in criminal cases, the commonwealth, and not the prisoner, in case of joint indictments, had the right of election, subject to the control and discretion of the court, whether to arraign and try prisoners or defendants, jointly indicted, separately or jointly. By the law now in force (see Revised Criminal Statute, Session Acts 1847-48, p. 149, §§ 11 and 12), each defendant has a right to a separate trial, if he so elect. Indeed, they must necessarily be tried separately where the offense is a felony, unless they elect a joint trial and agree in their challenges. But, even if they should so elect, the attorney for the commonwealth or the court may nevertheless elect to have a separate trial; so that whilst any and every joint defendant is entitled to a separate trial, if he so elect, against the will of the court or the attorney for the commonwealth, joint defendants cannot be tried jointly without the concurrent election of themselves, on the one hand, and the attorney for the commonwealth or the court, on the other.'

"The following decisions are to the same effect: Stewart v. State, 58 Ga. 577; State v. Johnson, 34 La. Ann. 48; State v. Thaden, 43 Minn. 325, 45 N.W. 614; Metz v. State, 46 Neb. 547, 65 N.W. 190; Com. v. Hughes, 11 Phila., Pa., 430; State v. Marvin, 12 Iowa 499; Allen v. State, 10 Ohio St. 287; 1 Wharton's Crim. Law, § 433; Bishop's Crim. Proc. § 1018; State v. Bradley, 9 Rich. S. C., 316; Hawkins v. State, 9 Ala. 137, 44 Am. Dec. 413; State v. Thompson, 13 La. Ann. 515; State v. Roberts, 50 W. Va. 422, 40 S. E. 484.

"Our statute was not intended to abrogate the common-law rule that in the discretion of the court, a separate trial of joint defendants may be granted on the application of the state. It was intended by the statute to confer upon defendants a greater privilege than ever before possessed by them, the privilege of the right to a separate trial in felony cases upon their demand—a right

not to be defeated by either the court or the prosecuting attorney.

"In such cases the severance must be granted by the court. In all other cases the severance may be granted by the court. And this section, in order to promote the interests of justice, must be construed to mean that such a severance may be granted on the application of either the state or defendant.

"A resume of our position, concisely stated, is this: That in felony cases, where a defendant demands it, a separate trial must be granted; that in felony cases, where the state asks it, a separate trial may be granted, in the discretion of the court; that in misdemeanor cases, where either party asks the severance, it is discretionary with the trial court to grant it."

And while the facts are not identical with those in the instant case, the reasoning is applicable.

We also cite the case of Nichols v. Territory, 3 Okla. 622, 41 P. 108, decided by the Territorial Supreme Court. In this case the application for a severance was made by the defendant after the jury was impaneled, but the reasoning in the opinion is convincing when applied to the facts here presented. After quoting the above statute, it is there said:

"The right to separate trial in felonies is a privilege extended to the defendant, to be granted by the court on his request or demand. This privilege or right is one he may waive, and he does waive it in all cases where he fails to make the request within proper time. It is a rule that, where statutory rights and privileges may be waived by the party entitled to same, such waiver may be by conduct as well as by express declaration. It appears from the record in this case that, on the day the cause was set for trial in the district court, the plaintiff in error and his codefendant were present in person and by counsel, and all parties announced ready for trial, and

the impaneling of the jury was in progress, when the defendants demanded a separate trial. The demand was denied for the reason that it was not made in time. In the case of Hullinger v. State, 25 Ohio St. 441, the supreme court of Ohio construed a similar statute, which provides: 'Where two or more persons are indicted for a felony, each person so indicted, shall, on application to the court for that purpose be separately tried.' In the Ohio case the defendants demanded a separate trial after the jury was impaneled, but before it was sworn. The court said: 'There is no doubt that the right of separate trials, thus secured, may be waived by the parties. Nor is there any doubt that such waiver may be implied from the conduct of the parties. The question here is whether the exercise of the right of challenge during the impaneling of the jury is such conduct on the part of the accused as will imply such waiver. We think the application for separate trials must be made before exercising the right of challenge, otherwise the right of separate trials will be deemed to have been waived.' It is true, in the case under consideration, it does not appear that any challenge had been exercised, but we think the conduct of the defendant calls for the application of the same rule. The same rule is announced by Judge Maxwell in his Criminal Procedure. Maxw. Cr. Proc. 562. In McJunkins v. State, 10 Ind. 140, the court held under a similar statute that the right to a separate trial was waived when the demand was not made [until] after the jury was sworn. Moore Cr. Law § 293. It is contended that it was held in Babcock v. People, 15 Hun 347, that the statutory right to a separate trial is available after the jury is sworn. We cannot assent to such doctrine. If it may be made after the jury is sworn, we see no good reason why it may not be made after the evidence of the territory is in, or after the court has instructed the jury, or at any other time before final sentence. If this right to separate trial may be demanded after the trial begins at one stage of the proceedings, why may it not at any stage? Where will the court draw the line? No authority will question the proposition that the trial has been com-

menced when the jury is sworn. We think the correct rule is to require such demand to be made before any of the steps are taken in the progress of the trial of the cause. It is not reasonable, fair, or just to suppose that it was intended that the courts should be used to satisfy the whim or caprice of those who may have business before them, or that a defendant may elect to go to trial, and after finding that he does not like the looks of the jury, or for some other trivial cause, demand a separate trial, and thus cause the work of the court to all be gone over again. For the purpose of determining when this right of separate trial shall be requested, we hold that it may be at any time before the trial begins; and for this purpose the trial commences from the time the parties have announced ready for trial and the work of impaneling the jury begins. The supreme court of the United States in Hopt v. Utah, 110 U. S. 574, 4 S. Ct. 202 [28 L. Ed. 262], said: 'For every purpose, therefore, involved in the requirement that the defendant shall be personally present at the trial, where the indictment is for a felony, the trial commences at least from the time when the work of impaneling the jury begins.' And this doctrine was approved in Lewis v. United States, 146 U. S. 370, 13 S. Ct. 136 [36 L. Ed. 1011]. The demand for a separate trial having been made in the case at bar after the work of impaneling the jury was in progress, it was made too late, and there was no error in overruling it."

It will be noted that it is there held that the defendant is required to make his application before the exercising of the right of challenge, or he will be deemed to have waived his right to a separate trial. If this be true, why then should he be allowed to sit idly by and permit the impaneling and swearing of the jury and permitting the county attorney to make an opening statement before demanding a joint trial. The argument in that case is that "if this right to separate trial may be demanded after the trial begins at one stage of the proceedings, why may

it not be at any stage?" The defendant had made no attempt in the instant case to object to his codefendants not being present during the impaneling of the jury. He undoubtedly knew that they had never had a preliminary hearing and therefore could not be tried at that time. It must have been evident to him that the state intended to permit these codefendants to turn state's evidence and testify against the defendant.

We think the proper rule would be that the request for a severance should be made before the exercising of the right of challenge to the jurors, but we are also of the opinion that the defendant by his conduct has waived any right he may have had to a joint trial with his codefendants in this case. He has no vested right to be tried jointly with his codefendants. The county attorney had the right to file separate charges against each of the defendants and then he would have been tried separately.

As was said in the Nichols case:

"It is not reasonable, fair, or just to suppose that it was intended that the courts should be used to satisfy the whim or caprice of those who may have business before them," or that at any stage of the proceedings he may demand to have a joint trial because "he does not like the looks of the jury, * * * and thus cause the work of the court to all be gone over again."

In the case of Martin v. Commonwealth, 26 Ky. 688, 108 S.W. 2d 665, 668, the Supreme Court of Kentucky had before it the question of granting a severance upon the motion of the commonwealth after the jury had been sworn. It is there said:

"It is complained that the commonwealth was allowed a severance of trial after the jury was sworn. On this point the record shows that when the case was called

for trial the commonwealth announced 'ready' and the defendant 'not ready' and appellant moved for continuance and filed his affidavit showing that his wife was ill and could not attend court.

"Another order of the same day recites that the defendants each announced ready for trial, and the selection of the jury was begun. Only ten of the regular panel was present. By agreement of parties the judge drew from the wheel. On the next day the jury was completed and at this point an order recites: 'On yesterday, the commonwealth by counsel moved the court for a severance of the trial, at which time Maggie Martin was not in court, but she is present in court today, and the jury is sworn as to both defendants. The commonwealth is insisting upon a severance * * * and to this the defendants and each of them object. Maggie Martin was not in court on yesterday when the selection of the jury was begun; seven of the jury having been selected by both sides. The court is of the opinion that the motion to sever should be and is sustained, and the defendant Dan Martin was elected by the commonwealth to be tried first. To all of which the defendants object and except. When the selection of seven of the jury was perfected on yesterday, Maggie Martin was not present, therefore Dan Martin alone was on trial.'

"Appellant thereupon waived arraignment, entered a plea of not guilty, but at this point made no motion for continuance, or to discharge the jury. Appellant complains that motion for severance comes too late after the jury is sworn, and cites the case of Radley v. Com., 121 Ky. 506, 89 S. W. 519. In that case it was found that motion for a severance was not made by the accused until after the jury was sworn, and we held that it was too late, because jeopardy began with the swearing of the jury. In this case the order recites, that the motion was made prior to the selection of the jury. It was reasonable for the court not to pass on it at that time, because of the affirmative showing made by appellant as to his wife's absence on account of illness. The codefendant may be

able to make complaint on her trial that she has once been in jeopardy, a matter not now considered. We have held that the commonwealth may claim a severance, which the court in his discretion may allow. Jenkins v. Com., 167 Ky. 544, 180 S. W. 961, 3 A.L.R. 1522; Drake v. Com., 214 Ky. 147, 282 S. W. 1066; Hoffman v. Com., 134 Ky. 726, 121 S. W. 690."

In the case of State v. Thaden, 43 Minn. 325, 45 N. W. 614, the court said:

"The defendant was indicted jointly with Draper and Kingsley. The defendant Draper had not been arrested or found at the time of the trial, and the defendant Kingsley had given notice that he desired a separate trial, and appeared by a separate attorney.

"We think the court did not lose its right and authority to proceed with the separate trial of defendant Thaden, because no formal order therefor was made and entered when or before the case was called. The prosecution moved the case of 'The State against Thaden,' and it was so understood by both parties, and the defendant made no objection till the jury was sworn, and we must presume that they were sworn in the case against him, and not against all the defendants. Babcock v. People, 15 Hun [N.Y.] 353. By the common law, the court might grant or refuse separate trials in its discretion. This is so far modified by our statute (Gen. St. c. 114 § 6) that the defendant is entitled to it as a matter of right if he require it, but the court may also so direct, on the application of the state."

In Metz v. State, 46 Neb. 547, 65 N. W. 190, it was said:

"An information was filed in the district court of Lancaster county charging George Metz and Frank Milehem with the crime of burglary, by feloniously breaking and entering, in the nighttime, the storehouse and warehouse of one Jasper N. Rinford. Metz, without objection

on his part until after the jury were selected and sworn, was given a separate trial, which resulted in a verdict of guilty. A motion for a new trial was overruled, and he was sentenced to an imprisonment of two years' duration, and to pay the costs of prosecution, from which he prosecutes a petition in error.

"Objection is made that the plaintiff in error was tried separately, and not jointly with Frank Milehem, with whom he was jointly charged in the information. Section 465 of the Criminal Code declares: 'When two or more persons are indicted for felony, each person so indicted shall, on application to the court for that purpose, be separately tried,' etc. Under this statute, severance, and separate trials of persons jointly indicted or informed against, are permissible, in felonies, at the discretion of the court. The application to award separate trials may come from the prosecuting officer as well as the defendants. State v. Marvin, 12 Iowa 499; Allen v. State, 10 Ohio St. 287; Stewart v. State, 58 Ga. 577. The record in this case fails to disclose upon whose motion the severance was granted, nor does it appear that any objection or exception was made by the plaintiff in error to a separate trial until after the selection of the jury. This was too late to make the exception of any avail. State v. McLane, 15 Nev. 345; McJunkins v. State, 10 Ind. 140.

In State v. Johnson, 34 La. Ann. 48, the court said:

"It appears that the case was fixed for trial as to the defendant, which virtually ordered a separate trial for him, without objection on his part, he and his counsel being present at the time. Were there any question in regard to the legality of such trial, this waiver on the part of the accused, or failure to object at the proper time, would have cured the irregularity. We do not, however, consider that the separate trial, under the circumstances shown, was illegal or unwarranted. R. S. 1870, Sec. 999; 1 Wharton Crim. Law, § 433; 7th Ed. Bishop's Crim. Prac.; 3d Ed. 1018."

The evidence reveals, on behalf of the state, that this defendant, and two codefendants, entered into an agreement whereby the codefendants were to steal livestock in or near Delaware county, and they were to bring such stock to the premises of defendant, and he was to pay them so much per head, according to the value of the stock. In pursuance of this agreement, they stole the cow as alleged in the information, and numerous other livestock. The defendant paid them for their part, and it was divided between the two codefendants. These two codefendants, who were serving terms in the penitentiary, testified for the state. They were both accomplices, and it was therefore necessary that their testimony be corroborated. 22 O. S. 1941 § 742. An examination of the record reveals that their evidence is corroborated in a manner sufficient to sustain this conviction.

It is also assigned as error that the judgment and sentence is excessive.

The jury returned a verdict of guilty, but could not agree upon the punishment and left it to be assessed by the court. The statute under which this defendant was charged, 21 O. S. 1941 § 1716, provides for a minimum term of three years, and a maximum of ten years in the State Penitentiary, but does not provide for a fine. The trial court at the time of passing sentence, among other remarks, made this statement:

"From observation of the defendant and his history as given in open court at the time of sentence, his personal appearance and from the evidence in the case, the court is of the opinion that the defendant is worse than the man who stole the stock; that he was actually attempting to secure approximately half of the profits in the livestock business by having some more ignorant person than he do the stealing. He was keeping the stock

in an obscure pasture; was engaged in the buying and selling of live stock and thought he was handling the matter in such a way that he could not be caught and could maintain his standing of respectability in the community and according to his own statement he was fairly well fixed financially; there was no occasion for him engaging in that business and if it were not for the fact that the humiliation that he will suffer and the humiliation his family will suffer and thereby be indirectly reflected on him, is considerable punishment, the court is of the opinion that he should have substantially more than the court is going to give him.

"The court has had the advantage of seeing the defendant personally on the witness stand, as well as the prosecuting witnesses, which he considers very important in fixing punishment."

A reading of the record bears out the statement of the trial court. However, as above noted, the statute under which defendant was charged does not provide for the imposing of a fine and the judgment and sentence is excessive in that respect, and is modified to the extent of striking out that part of the judgment and sentence assessing a fine of $250. As thus modified the judgment and sentence of the district court of Delaware county is affirmed.

JONES, J., concurs. DOYLE, J., not participating.

Supplemental Opinion.

BAREFOOT, P. J. Since the opinion in the above case was rendered on April 4, 1945, attention has been called to 21 O. S. 1941 § 64, which reads as follows:

"Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding two hundred dollars in addition to the imprisonment prescribed."

This statute was not referred to in the briefs. It will be noted that it gives the court the right to impose a fine of not to exceed $200, "in addition to the imprisonment prescribed", where no fine is provided.

It has been held by this court that where a fine is imposed in addition to the assessment of a penitentiary sentence in a felony case, the defendant can not be confined in the State Penitentiary for the payment of the fine. Ex parte Autry, 58 Okla. Cr. 88, 50 P. 2d 239; Ex parte Farve, 64 Okla. Cr. 326, 79 P. 2d 1034.

The fine here assessed is $50 in excess of the amount permitted by the statute. The original opinion was recalled for correction on April 11, 1945. It is now ordered that the original judgment and sentence be modified to a term of four years in the State Penitentiary, and a fine of $200; and the original opinion in this case is refiled.

The judgment of the district court of Delaware county, as above modified, is affirmed.