Judge Lane
delivered the opinion of the court:
There are certain offenses which can not be committed by more than one individual, consequently two can not be presented of such, in one indictment. , 1 Chit., Crim. L. 267. But wherever offenses may be committed by several, they may be united in the same accusation. Id. 270. When the joinder is permitted the court is authorized, at its discretion, to try them together or separately, as will best advance the ends of justice. But in the exercise of this discretion the court will be careful that the rights of the prisoner are not jeopardized by the joinder. In the casa before us the court directed a joint trial, and we can not interfere with this discretionary power unless some injury be shown to have followed. The record furnishes no proof of error in this particular.
*90 On the subject of the challenge it is the right of each individual accused of a crime, that the tribunal to whose adjudication his rights are submitted, shall be impartial. It is not the right, that any 87] particular set of men shall be his triers, but that *those selected for the office shall be such as possess the requisite qualifications of impartiality. This right seems sufficiently maintained, by allowing the power of exception, without yielding to him the privilege of insisting that the persons shall compose the jury who may be first called by the sheriff. This principle, when applied to this case, would be sufficiently maintained by conceding to each defendant the power of exercising all his challenges, both peremptory and for cause. The statute evidently contemplates this power. It gives, by section 14, the peremptory challenge in civil cases to each party; but, by section 15, every defendant may exercise it in criminal trials. 29 Ohio L. 98. As the court did not, in this case, allow every defendant his two peremptory challenges, we believe they committed an error.
The right of separate trial, in ordinary cases, does not appear to ns to be a consequence of this right of separate challenge. In capital cases, where the panel must be laid before the prisoner, before the trial, and the jury must be composed from it, except for cause, it would perhaps be difficult to secure each his privileges, except by a separate trial, if demanded. But in other iudictments, all is granted which the prisoner can justly claim, by the concession of the privilege of exception.
Judgment reversed.