# HAWKINS v. THE STATE.

1. Where several persons are jointly indicted for a felony, they cannot claim separate trials as a matter of right, although they sever in their pleas: but the court, in its discretion, may allow them to be tried separately.
2. Where the verdict recited in the judgment entry affirms the defendant's guilt as charged in the indictment, but is defectively stated in what fol-

18

lows. the *consideratum est*, the latter recital, as it is not a necessary part of the judgment, may be rejected as surplusage.

Writ of Error to the Circuit Court of Lowndes.

The plaintiff in error was indicted, together with Reuben Harrison and Richard K. Harrison, for an assault and battery upon the body of Robert J. Lawrence, with intent to kill and murder, &c. R. K. Harrison, and Hawkins having pleaded "not guilty," were tried by a jury, who returned a verdict of guilty, as to the latter, and acquitted the former; whereupon judgment was rendered accordingly, and Hawkins was adjudged to five years imprisonment in the penitentiary, and the payment of costs.

On the trial, certain legal questions were reserved by bill of exceptions, which may be thus stated: 1. The defendants severally moved the court to allow them to be tried separately; but this motion was denied. 2. In empannelling the jury, the defendants refused to join in their challenges, and while empannelling the jury, a juror was called and put upon the defendants by the State, whom Hawkins was willing to accept, and desired to be sworn, but Harrison challenged him; thereupon Hawkins moved for a severance of the trial, and insisted that such was the operation of law, in such cases, but the court overruled the motion, and allowed the challenge by Harrison.

J. E. Belser and J. A. Elmore, for the plaintiff in error, made the following points: 1. Each of the defendants below were entitled to fifteen peremptory challenges, and the State to ten, (Clay's Dig. 459, § 55;) and the practice has conformed to the law, even where several defendants are tried at the same time. 2. If several are charged in the same indictment, where the right to a peremptory challenge of jurors does exist, each has a right to a separate trial. [1 Peters' C. C. Rep. 118; 4 Johns. Rep. 296; 4 State Trials, 566; Foster's C. Law, 106; see cases cited in U. S. Dig. 359, § 37.] Many of the English cases assert the reverse, but they have been decided in reference to the power of the crown. [1 Plow. Rep. 100; 9 State Trials 11.] The mode-

Hawkins v, The State.

of summoning juries, the number of jurors to be summoned, and the power of sheriffs in such cases, is materially different. [4 Mason's Rep. 170 ; Clay's Dig. 455, § 27 ; 456 § 32.] The American cases which deny rhe right of severance, are founded upon the common law. [2 Dall. Rep. 535 ; 12 Wheat. Rep. 480.]

3. By no form of trial can each of the defendants, where there are several, be deprived of the number of challenges which the law gives him. [6 Ohio. Rep. 87.] 4. The trial of joint defendants should be so ordered, that the regular panel for the week, or term, should, if practicable, furnish juries to try them, without resorting to by-standers—this can only be done by ordering separate trials. [Clay's Dig. 455, § 27; 456, § 32 ; 459, § 53.] 5. The law is exceedingly liberal in permitting parties charged with criminal offences to challenge jurors. [1 Eng. Cr. Cases, 224 ; 2 Leach's Cases, 621; 3 Camp. Rep. 208 , 4 Taunt. Rep. 309.]

6. The judgment on the verdict of the jury does not authorize the infliction of imprisonment in the penitentiary ; it affirms that the defendant is " guilty of an assault with intent to kill."

ATTORNEY GENERAL, for the State, insisted—1. It was clearly a matter of discretion with the court, under all the circumstances, to allow or refuse a separate trial. [Marchant's case, 4 Mason's Rep. 158; same case, 12 Wheat. R. 480 ; Bixbe case, 6 Ohio Rep. 86 ; 2 Hawk. b. 2 ch. 41, § 8.] 2. Each defendant being allowed the full number of challenges guarantied by the statute, neither can complain. The object of allowing challenges is not that the prisoner may *select his jury*, but that he may *object to those* who are prejudiced against him—being tried by a jury to which he does not object, he cannot complain. [State v. Marshall, 8 Ala. 302, and cases there, cited ; 6 Ohio Rep. 86; 12 Wheat. R. 480.] 3. The course pursued by the Judge, in directing the jurors challenged to stand aside, was correct. If a juror is objected to by one, he must be withdrawn as to all. [See 1 Plow. 100; 2 Hawk. 563; 2 Hale, 263, and cases before cited.] 4. The right to separate trials is not the consequence of allowing separate challenges. But if the prisoners claim their

right to separate challenges, then their trials may be separated at the instance of the State, for the public convenience, and to prevent a failure of justice. [1 Plow. Rep. 100; 2 Hawk. 563; 2 Hale, 263; Charnock's case, 3 Salk. 81; 12 Wheat. Rep. 484-5; 1 Ch. C. L. 535; Noble's case, 9 Harg. St. Trials; Bixbe's case, 6 Ohio, 86.]

COLLIER, C. J.—The 55th section of the 10th chapter of the penal code, among other things provides, that " on a trial for any penitentiary offence, the accused shall be allowed fifteen peremptory challenges." [Clay's Dig. 459.] This enactment, it is insisted, makes it imperative upon the court, where several are charged in the same indictment, with a crime of the grade of that designated, to allow to each of the defendants a separate trial.

At the common law, it must be conceded, that it was discretionary with the court, in such cases, to direct or refuse a severance.

The precise ground upon which the right to a separate trial is rested, in the case before us, was most elaborately considered in the United States v. Marchant, et al. 4 Mason's Rep. 158. There, a joint indictment was found against several for murder, who severally pleaded not guilty. A motion was made in behalf of one of the prisoners to be tried separately; and this he claimed as a matter of right. Mr. Justice Story was of opinion, that upon a joint indictment for a capital offence, it would be competent to try the prisoners, either jointly or severally; that where the trial is joint, the right of peremptory challenges is in no degree narrowed or affected. Each prisoner, in such case, has a right to challenge the full number, and, in this respect, is unaffected by what the other prisoners do. " If, therefore, says the learned Judge, "in a capital offence, where twenty peremptory challenges are allowable by law, there is a joint indictment, and joint trial of several persons, each may challenge the whole number to which he is entitled; and if there be two on trial, the challenges may extend to forty; if three, to sixty," &c.

As for the question, whether a juror challenged by one prisoner, and not by another, was to be withdrawn as to all, it was considered settled upon just and reasonable principles,

that no man ought to sit as a juror, upon a joint trial, who was not in the estimation of all the prisoners indifferent as to all.

In the case cited, it was argued for the prisoners, that the right of separate trial, when claimed, results necessarily from the several right of challenge. The prisoner, in favor of life, it was said, had a limited right to elect his jury. If he is tried alone, it is always in his power to say who that jury shall be. But if he is tried jointly with another person, then the jurors he may wish to serve on his trial, may be challenged by the other prisoner, and so his right of election and selection may be materially impaired. The court thought that the argument took for granted, the very point in controversy; and while it conceded that the right to challenge for cause is unlimited, it affirmed that the right of peremptory challenge was restricted.

It is asked, "what is the right of peremptory challenge, but a right to exclude from the trial any persons who are disagreeable to the party on trial? Suppose the panel to consist of 72 persons, and the challenges to be limited to 20, all that the prisoner can do is to exclude 20 from this list; and it depends altogether on the order in which the jurors are called, who may be excluded or not. If the prisoner challenge the first 20 who are called, the next 12 called from the remaining 52 constitute the jury. It is true, that if he chooses to suffer any juror to be sworn, before he has exhausted his challenges, to that extent he selects his jury; but this is a mere incident to his right to exclude jurors, to a limited extent; and not the principal object contemplated by the law." The reason upon which the right of peremptory challenge was placed in the argument at the bar, is not referred to by the text writers, but it is placed on the ground of the tenderness which the law extends *in favorem vitæ*, to those who are charged with capital offences, and is regarded for the most part as a concession to the caprice and prejudice of the accused.

The power of one person, when tried alone, to say who shall compose his jury, even if those whose names are on the panel furnished, cannot be admitted, not only for the reason stated, but for the additional reason, that in a case like

the present, the State is authorized to challenge ten jurors, without cause; and if this right is exercised, it may make it still more difficult for the accused to select the jurors whom he prefers.

The view taken, is very fully sustained by the argument of the court, and the numerous citations made in the case referred to. That case was removed to the Supreme Court of the United States upon a certificate of division of opinion of the Judges of the Circuit Court, and was again considered upon a reference to the early English decisions, as well as the elementary writers upon criminal law. The court said, that the right of challenge is not in itself the right to select, but to reject jurors. It enables the prisoner to say who shall not try him, but not to say who shall be the particular jurors to try him. "The law presumes that every juror sworn in the case is indifferent, and above legal exception; for otherwise he may be challenged. What jurors in particular shall try the cause, depends upon the order in which they are called; and the result is a mere incident following the challenges, and not the absolute selection of the prisoner, resulting from his power of challenge." The English authorities cited by the counsel, for the plaintiff in error, are commented on, and it is very satisfactorily shown, that they do not sustain the conclusion which it was insisted at the bar they establish. None of the earlier adjudications, it was said, maintain that there could not be a joint trial, where the prisoners challenged. What fell from Lord Holt in Charnock's case, in respect to a several trial, referred solely to the public inconvenience, on account of a probable defect of jurors, and not to any matter of right in the prisoners. [See Rex v. Noble, 19 Harg. St. Tr. 1, 15; Howell's St. Tr. 731.]

In Bixbe v. Ohio, 6 Ohio Rep. 86, it was determined, that two indicted of a joint offence, may be tried jointly, though a separate trial is demanded by one of them; and where several are thus indicted, and put upon their trial, each must be allowed his separate peremptory challenge of jurors. To the same effect is the case of the United States v. Wilson, 1 Bald. Rep. 78.

In the United States v. Shop, et al. 1 Peters' C. C. Rep. 118, the court permitted three of seven prisoners indicted

jointly, to be tried separately from the other four, upon a motion by them, suggesting that the defence was different in some respects, and at variance with their co-defendants, and that it was difficult to agree in the challenges of jurors. It does not appear from the report of the case, that a separate trial was either claimed or conceded as a matter of right. So that the case is not an authority for the purpose for which it was cited. The People v. Howell, 4 Johns. Rep. 296, is equally inconclusive. It was there insisted, that the prisoner being entitled to a peremptory challenge, should not be tried jointly with his co-defendant. To which the court replied, that he was not entitled to a peremptory challenge, and consequently the force of the objection was destroyed. "In all cases, at least where the right of peremptory challenge does not exist, and two persons are indicted jointly, they may be tried jointly or separately, at the discretion of the court. This is the settled practice, both here and in *England*, and no objection to it exists sufficient to outweigh the public convenience of the rule." Certainly there is no affirmation in this, that if a challenge without cause be allowable, a separate trial should be accorded as a matter of right. None of the cases cited show such to be the law, while the reverse is supported, not only by express adjudications, but by reasoning too potent, and too long recognized, to be disregarded. We are of opinion, that the law as we have stated it from Mason, was correctly adjudged, and without reiterating what has been said, we are content to conform to it; consequently, the *Circuit Court* did not err in the points ruled in the bill of exceptions.

The verdict of the jury affirms the guilt of Hawkins as charged in the indictment, viz: that he committed the assault and battery, with the intent to kill and murder. This is confessedly a finding co-extensive with the charge; but it is supposed that the *consideratum est*, consequent upon the verdict, is defective, and that it does not show the plaintiff in error is subject to imprisonment in the penitentiary, although he is directed to be thus punished. That portion of the entry is as follows: "It is therefore considered by the court, that the prisoner, C. Spencer Hawkins, is guilty of an assault with intent to kill, and that he be, and is hereby, sentenced

to imprisonment in the penitentiary," &c. So much of the judgment as is an affirmation by the court of Hawkins' guilt, may be rejected as surplusage. The jury had ascertained his guilt, and it was enough for the court, without reiterating it, to have followed their verdict by adjudging the appropriate punishment. This has been done, and the surplusage cannot avoid the judgment. *Utile per inutile non vitiatur*.

The judgment of the Circuit Court is affirmed.