The opinion of the Court was delivered by
Whitner, J.
A legal question of much interest is presented in the first ground of appeal; and one, it is said, which has not been heretofore considered and adjudged by our appellate tribunal.
These defendants were jointly charged in the same indictment, with a capital felony, and each claimed, on circuit, to be tried separately. This was refused by the presiding Judge, and therefore the trial proceeded jointly. Was the severance a *414 matter of right, to be allowed on their mere motion ?• or was it a matter to be allowed in the discretion of the Court ?
The right to sever on the part of the accused, and the right to elect the order of trial on the part of the State, it is urged, has been long the received opinion of the legal profession, in this State at least; hence its denial now, it is thought, will be a startling proposition. However general the practice has been to grant such applications, it has not been universal. Professional usage can amount to little, unless there was some mode of testing whether it has grown out of right, judicial discretion, or mere favor.
It may be proper to premise, that in the progress of the case on circuit, the right of challenge was accorded to each defendant, and .they were not required to join in their challenges. When a juror was tendered, and objected to by either, even though acceptable to one, such juror was thereupon withdrawn, so that the panel was composed of twelve jurors free from challenge by either of the defendants.
The right to separate trial must depend on some principle, and if allowed must be common to a class. The reason for its adoption must be seen, and the rule tested by weighing well the consequences that would result. The right to sever, though now claimed in a capital case, if recognized, involves the further inquiry, Whether on any just view the rule can be thus restricted ? Whether it must not extend to all cases in which the right of challenge exists; thence, by an easy gradation, to all cases in which crime is jointly charged, affecting perhaps the right to proceed by joint indictment in any case ? This suggestion is not made because of any purpose to take this range, but rather that the legal profession may pursue the inquiry in its different bearings. The course of argument assigning grounds on which; as a matter of right, this demand may rest, opens this entire field.
Though our own books of reported cases furnish no precedent, the point has been often made and solemnly adjudged elsewhere. The leading American case is found in 12 Wheat. *415 480, United States vs. Marchant & Colson. The precise ground was there made and expressly adjudged. The associate and district Judges, Story and Davis, first heard the case on circuit, and concurred in refusing the motion to sever as a matter of right. The question was elaborately considered, as will be seen in 4 Mason Rep. 158, by Judge Story. For the purpose of securing the opinion of the Supreme Court, and settling the practice on this question, these Judges afterwards divided in opinion, it is said, in a note to that case. The Supreme Court affirmed the ruling, and fully maintained the doctrine held on circuit. The judgment on the second hearing was likewise pronounced by Story, J.; and upon the authority of this case, so fully sustained as it is by other authorities there cited, the point under consideration might very well be rested. The positions taken are sustained by an imposing phalanx of the most eminent elimentary writers, in turn sustained by adjudged cases receiving the sanction of distinguished English Judges. I will not incur the hazard of weakening the force of this authority by an appropriation of its learning. It would savor of an affectation of research formally to cite and review these authorities,
In many of the States of this Union the same doctrine has been recognized and maintained. Some of these cases will be found in the case already referred to. Others are enumerated by Mr. Wharton, in his treatise on Criminal Law, 666, note 7, to some of which only I have had access. To these references I will add the more recent case of Hawkins vs. State, 9 Ala. 137.
I will take the liberty, in this connection, simply to call attention to the supposed conflict between the earlier English-cases of Charnock & al., of Swan & Jeffreys, of Scroop, Jones & al., and of William Jackson & al., (a.) and the leading case of Noble & al., (15 Howell State Trials 754,) subsequently adjudged. These cases are perfectly reconcilable. The preliminary inquiry by the Judges, in the earlier cases, of *416 the accused as to their agreement in their challenges, by no means imports an acknowledgment of tight to sever on the part of the persons charged. The expressions of the English Judges in these earlier cases, when cited at the bar, at first impressed our minds, as they seem to have impressed at first the mind of Judge Story. This view, however, was fully met and explained by the same Judge. This Court adopts without dissent as the correct rule on this subject, that where two or more are charged in the same indictment with a capital offence, they have not a right by law to be tried separately, but such separate trial is a matter of sound discretion to be exercised with all due regard and tenderness .to prisoners, according to the known humanity of our criminal jurisprudence. As some may not have ready access to the authorities relied on, it may be proper to subjoin a passing remark, by way of present vindication of this judgment. They will be found to apply aptly likewise to the further topic of such considerations as should influence the interposition of the Court in granting a severance.
A mistaken view of the grounds and incidents of peremptory challenge has led many into error in reference to the questions we have under consideration. The right to reject is confounded with the right to elect. The right of challenge must and will be preserved, unimpaired; hence it must be permitted to each for himself. The foundation for this.privilege is stated by Justice Blackstone, in 4 Com. 353, and hence it will be seen that the right to challenge does not draw after it the right of selection, but merely of exclusion. But it' is urged that the right of exclusion implies selection. This is contrary to the whole scheme of the proceeding, as is clearly exemplified by a single illustration. Nothing is better settled than the right, on the part of the State to set aside, for the time being, jurors as they are successively called, and in this way it will be seen every preferred juror, at least to the extent of the entire panel, the prisoner would have selected, may be withdrawn and effectually excluded, for his right to recur arises only on the exhaustion of *417 the array, and very frequently the limit of his challenge is exhausted before such a result as that. Hawk. Pl. Cr. b. 2 ch. 43. So far from infringing the right of challenge in the operation of the rule, it is rather calculated to disarm the prosecution, and afford an opportunity to reach the end so strenuously contended for. A joint indictment extends the right of challenge to forty, or sixty, or more it may be, and thus as the challenges are extended, the chances of recurrence greatly increased.
The true theory is, that the law looks for indifferent persons— those who are free from legal exception — unbiassed and impartial jurors. In tenderness to the prisoner, the privilege to exclude without cause' assigned, is accorded to a limited extent. The prepossession of friendship, and the prejudice of enmity, are each abhorrent to the purity of justice. These relative rights on the part of the State and the accused, are reasonable safeguards, not free from abuse, yet commended for wisdom and humanity. I leave this view of the case, however, with the further suggestion, that a concession of the right to sever on such a ground, would throw open a wide door, and admit the whole class of cases in which the right of challenge is allowed.
Again, a denial of the right, it is urged, may lead to the exclusion of important testimony locked up, it may be, in the bosom of one jointly charged, or of one occupying the relation of husband or wife of such person. • Such a principle is too broad, and works its own overthrow. Within its range may be drawn in cases of every hire almost, occupying the judicial tribunals of the country. It may be well doubted whether in any case the Court, by its own act, should render one competent who was otherwise incompetent as a witness. Considerations may perhaps be addressed to a Judge in his discretion, sufficient to authorize such interference. They are not readily perceived, and as a general rule, after the finding of a grand jury, the action of a petit jury on the case made, would be a wise and proper precaution. The temptation to peijury, more potent in proportion to the peril of the parties, must strike any mind with force. I confess like considerations have weighed upon *418 my own mind as a strong reason against a severance in any case, not only in reference to the parties implicated becoming witnesses, but on account of the inducement and facilities thus afforded to suborn witnesses and manufacture testimony after the disclosures in one case shall have made manifest the deficiencies to be supplied. In the solicitude of the Court to promote the ends of humanity, care must be taken that the purposes of justice are not subverted. Evidences of frailty and corruption are often manifest in cases of mistrial.
The purpose of securing the testimony of each prisoner for the other, was the only reason given on circuit why the Judge should exercise his discretion in ordering the trial to proceed separately. This Court is of one mind on that subject, and concur entirely with the presiding Judge. I would refer to the case of United States vs. Gibert & al., 2 Sumner, 63, on this point. The eminent Judge who refused a similar motion on a similar ground, (Story, J.) says, “I have never known a case in which the sole ground for a separate trial has been to make the witnesses competent for each other.” “ In the only cases in which separate trials have been granted, there has been an express disclaimer of using the confederates as witnesses.” In other cases, where other grounds arise, or are suggested, they must of course be considered and determined on their merits, when presented. Several and distinct grounds of defence — variant and opposing grounds of defence, readily suggest themselves, and will as readily commend themselves to the sound discretion of a Judge. It is true, the Judge may be called to exercise his discretion, before he is fully informed, by the verdict of a jury, whether an allegation made, upon which his judgment is sought, be true or not; but such an objection suggests alone that he may be the dupe of an artifice springing from the prisoner and favored by the counsel. In the mutual confidence existing, at least in this State, between the bench and bar, and alike honorable to the legal profession, there is but little danger on this score. This occasion might be used to vindicate the Court from any imputation of unnecessarily as *419 suming judicial discretion when a certain rule should be adopted; but the intelligent and reflecting portion of the profession will readily accord, that such responsibility cannot be avoided in the proper administration of justice.
The two most prominent grounds on which the right claimed is rested, have been disposed of. Others have been urged by the zealous and able counsel who have represented the prisoners on the present occasion. Although not incorporated in this opinion, seriatim, it is not hence to be inferred they have not been carefully considered by this Court. To avoid being prolix, 1 content myself with the response which has been already indicated as proper to each. They may be summed up as referring (1) to the supposed difficulties lying in the way of an exercise of a sound discretion, mainly because of the want of accurate information as to the facts on which the judgment of the Court must rest; (2) the want of a uniform rule in all questions of discretion; and (3) the hazard incurred by intermingling the innocent with the guilty. The answer is at hand. Professional acumen may well be relied on to suggest any ground reasonably known to exist or likely to arise. This will call for no improper disclosure, and if professional vigilance should be ensnared or surprised, and the unwary prisoner entrapped, the humanity of our criminal jurisprudence, according to its whole scheme, may be safely entrusted with the appliances of appropriate relief.
I might fortify the judgment of this Court against the recognition of a right to separate trial, on the mere motion of a prisoner, by considerations of convenience and expediency: but I forbear.
On this branch of the case I will only add, that now the case has been heard on circuit, and reviewed in this Court, under the circumstances presented, we are all agreed that neither of the defendants has just cause of complaint that their case was jointly heard.
The fourth ground of appeal complains, that the application of the defendants to have the jury polled immediately after the *420 verdict was published by the clerk, was refused. This ground was not pressed by counsel. The verdict was rendered in open Court, and published in the presence of the jury, in the usual manner. The presiding Judge reports that nothing occurred to create a doubt in his mind respecting the agreement and concurrence of the whole jury. The defendants had no right to the individual opinion of every juror, on his mere motion, to be declared by each. When the verdict is published in the usual mode in the presence of all, each juror speaks through the verdict. as their assent is presumed from their very silence. No reason was assigned for raising a question, and none appearing, the refusal was proper, and entirely in accordance with the decisions, to be found in 1 McC. 24; Ibid. 525, settling this doctrine.
It remains only to be considered, whether these defendants are entitled to a new trial upon the facts of this case. The earnest zeal with which the testimony has been reviewed and commented on by counsel, has impressed all matters of objection that arise, with vividness on the mind of each member of the Court. The analysis has been searching as to the testimony in detail, the general narrative of each witness and of all the witnesses on the part of the State, and as weighed against the evidence in the defence. In all these particulars this Court has carefully followed the course of the argument.
It would be a vain attempt on my part, as the organ of the Court, to trace the process by which we have severally reached our conclusions. «
The case was heard at a previous term, but submitted to the jury too near its expiration to permit that deliberation so indispensable in a case involving such consequences, and a mistrial was properly the result. After an interval of six months, aiford-ing ample opportunity for the subsidence of all excitement, if any in fact ever existed against these unfortunate youths, another patient hearing of the case was had, and a verdict rendered affixing guilt on each.
The jury, to whom it peculiarly belonged, have discredited *421 so much of the evidence adduced in the defence, as would have clearly excused or mitigated the act, if believed by them. In their appropriate province they have, at the same time, accredited so much of the evidence on the part of the State, as establishes the joint act of these prisoners in the commission of a foul murder. The impression made by the testimony on the mind of the presiding Judge has not justified him in certifying to this Court his dissatisfaction with, the verdict. In despite of real or apparent discrepancies, this Court cannot say that the verdict is against the evidence, or was not warranted by it. Proceeding a step further, we cannot say, in legal parlance, that there exists just grounds for a reasonable doubt, that the truth has been found. No sufficient reason is perceived for setting aside the verdict.
The motion of the defendants, Thomas Wise and Calvin Johnson, for a new trial, is therefore dismissed; and it is accordingly so ordered.
O’Neall, Wardlaw, Withers and Glover, JJ., concurred.

Motion dismissed.

(a) State Trials, passim.