STATE *v.* DOOLITTLE.

Two or more, jointly indicted for murder, are not, as matter of right, entitled to separate trials.

The challenge, by one of the defendants, of a juror whom the other has accepted, is no ground of exception for the latter.

The respondent was indicted, jointly with one Bourne, for murder. He moved for a separate trial. The court denied the motion, and he excepted. Before the jury were impannelled, the respondents were informed that they were each entitled to twenty peremptory challenges. One Cutter was called as a juror, and accepted by Doolittle, but challenged by Bourne, and, against the objection of Doolittle, set aside by the court.

*Tappan*, attorney-general, and *Healey*, solicitor, for the state.

*Woodward & Wellington* and *L. W. Clark*, for Doolittle.

STANLEY, J. The respondents were not, as matter of right, entitled to separate trials. Am. Cr. Law, *ss.* 433, 3195; *Hawkins* v. *State*, 9 Ala. 137; *State* v. *Soper*, 16 Me. 293; 9 Cow. 108, 138, 383; 6 Ham. 86; 2 Ashm. 32; 1 Baldw. 78; 2 Sumn. 20; 4 Johns. 296.

The right to challenge a juror is not a right to elect; it is a right to reject. Where two or more are jointly indicted for a capital offence, each one is entitled to the full number of challenges allowed by law. Am. Cr. Law, *s.* 3195; *U. S.* v. *Marchant*, 12 Wheat. 481; *People* v. *Vermilyea*, 7 Cow. 383.

*Exceptions overruled.*

Foster and Allen, JJ., did not sit.