## ALEX BATES v. STATE.

No. A-1240. Opinion Filed December 14, 1912.

(128 Pac. 163.)

1. **APPEAL—Severance—Discretion of Court.** As to whether or not the state may have a severance in cases where defendants jointly indicted are prosecuted, is a question vested solely within the sound discretion of the trial judge; and this discretion will not be reviewed upon appeal, unless it affirmatively appears from the record that the appellant was injured thereby.

2. **LARCENY—Warning to Evildoers.** People of Oklahoma have suffered so much from the depredations of thieves that it is high time for the courts to let criminals of this class know in no uncertain terms that they must either respect the property rights of others, or leave the state, or that they will be sent to the penitentiary.

(Syllabus by the Court.)

*Appeal from District Court, Blaine County;*
*James R. Tolbert, Judge.*

Alex Bates was jointly indicted with B. F. Noah for cow stealing. A severance was granted, and from a conviction defendant Bates appeals. Affirmed.

*W. O. Woolman,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., and *A. L. Emery,* County Atty., for the State.

FURMAN, P. J. The only question involved in this record which we deem it necessary to discuss is presented in the brief of counsel for appellant as follows:

"Under the first specification of error, the contention of the defendant is that the court erred in granting a severance to the state on its request, after the cause was called for trial and each party had announced ready. It is our contention that under the theory and policy of the law as it exists in this state neither the state nor the defendant is entitled to severance, except as that right is conferred by statute, and the only statute law on the subject is as follows: Section 6830, Comp. Laws 1909, provided: 'When two or more defendants are jointly indicted for a felony, any defendant requiring it must be tried separately. In other causes defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court.' Section 6831 Comp. Laws 1909, provided: 'When two or more persons are included in the same indictment, the court may, at any time before the defendants have gone into their defense, on the application of the county attorney, direct any defendant to be discharged from the indictment that he may be a witness for the state.' The state has once made its election to proceed against the defendants jointly by informing against them jointly, by arraigning them jointly, by receiving their joint plea of not guilty, by assigning the same for trial as a joint cause, and by taking a joint bond, and by proceeding therein as a joint trial up to and including the time of the calling of the cause and the announcement of 'ready' by the defendants. We contend that the severance was not consented to by the defendants, and therefore not authorized by the state, as the charge was for a felony."

Counsel fails to cite a single authority which supports this contention, and admits in his brief that he has been unable to find any authority directly in point.

Sections 6487 and 6494 and 6830, Comp. Laws 1909, are as follows:

"Sec. 6487. This chapter establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to promote its objects, and in furtherance of justice."

"Sec. 6494. The procedure, practice and pleadings in the district courts of this state, in criminal actions or in matters of criminal nature, not specifically provided for in this Code, shall be in accordance with the procedure, practice and pleadings of the common law, and assimilated as near as may be with the procedure, practice and pleadings of the United States or federal side of said court."

"Sec. 6830. When two or more defendants are jointly indicted for a felony, any defendants requiring it must be tried separately. In other cases defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court."

These three statutes must be constructed together.

In the case of *Dan Anderson v. State,* decided at the September term (*ante,* 126 Pac. 840), after a full review of the authorities, we held that where defendants jointly indicted demand a severance, the question as to which defendant shall be tried first is vested solely within the sound discretion of the trial court; and that this discretion will not be reviewed upon appeal, unless it affirmatively appears from the record that the appellant was injured thereby. We do not think that there can be any question, under the statutes above quoted and the common law, but that the state may demand a separate trial of persons jointly prosecuted for an offense. But, even if this were an open question in Oklahoma, we think the contention of counsel for appellant is conclusively answered in the brief of the Assistant Attorney General, which is as follows:

"It is contended that the trial court erred in granting a separate trial, upon the application of the county attorney, of each of the defendants jointly informed against.

"Counsel for plaintiff in error contend that a severance could only be had at the request of either of the defendants, because the state, by informing against them jointly, had thereby elected to try them jointly, and was bound by such election. Counsel admits that he has been unable to find authority to support his contention. There is none.

"The statute of the state governing is section 6830, Compiled Laws of Oklahoma, as follows: 'When two or more defendants are jointly indicted for a felony, any defendant requiring it must be tried separately. In other cases defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court.'

"In the first place, it must be admitted that the state could have accomplished the separate trial of these defendants by informing against them separately; and neither defendant could have said nay, although jointly complained against, tried, and bound over, by the examining magistrate. *People v. Plyler* [121 Cal. 160] 53 Pac. 553. If that be true, what would be the reason for a construction that the state may not directly do what it could have accomplished by indirection?

"An accused jointly indicted or informed against in a felony case has no absolute right to a joint trial. He cannot compel his codefendants to be tried with him; but each of them, by demanding separate trials, may thereby compel him to be separately tried. One of two joint defendants may plead guilty, thereby compelling the other to be tried alone.

"Will this court say that just because two men are jointly accused that they, or either of them, may compel the state to try both at the same time, or else not try either? Suppose one of them should never be arrested, or else make his escape after his arrest, then what remedy would the state have? Proceed against the other? No; because you have elected to prosecute him with the other, and you are bound by such election. Therefore he escapes punishment altogether, or the state must wait until the other is apprehended. What utter nonsense such a theory really is.

"In the case of *In re Curran,* 48 Va. 619, the General Court of Virginia said the following: 'I am of opinion that the objection upon which the third error assigned is based is neither sound nor plausible. It alleges "that it was error to try the prisoner separately; it not appearing that he elected to be so tried." By the common law, until it was changed by a recent act for the summoning of venires and impaneling juries in criminal cases, the *commonwealth, and not the prisoner, in case of joint indictments, had the right of election, subject to the control and discretion of the court, whether to arraign and try prisoners or defendants, jointly indicted, separately or jointly.* By the law now in force (see Revised Criminal Statute, Session Acts 1847-48, p. 149, sections 11 and 12), each defendant has a right to a separate trial, if he so elect. Indeed, they must necessarily be

tried separately where the offense is a felony, unless they elect a joint trial and agree in their challenges. But, even if they should so elect, the attorney for the commonwealth or the court may nevertheless elect to have a separate trial; so that whilst any and every joint defendant is entitled to a separate trial, if he so elect, against the will of the court or the attorney for the commonwealth, joint defendants cannot be tried jointly without the concurrent election of themselves, on the one hand, and the attorney for the commonwealth or the court, on the other.'

"The following decisions are to the same effect: *Stewart v. State,* 58 Ga. 577; *State v. Johnson,* 34 La. Ann. 48; *State v, Thaden,* 43 Minn. 325, 45 N. W. 614; *Metz v. State* 46 Neb. 547, 65 N. W. 190; *Com. v. Hughes.* 11 Phila. [Pa.] 430; *State v. Marvin,* 12 Iowa, 499; *Allen v. State,* 10 Ohio St. 287; 1 Wharton's Crim. Law, sec. 433; Bishop's Crim. Proc. sec. 1018; *State v. Bradley,* 9 Rich. [S. C.] 168; *State v. McGrew,* 13 Rich. [S. C.] 316; *Hawkins v. State,* 9 Ala. 137 [44 Am. Dec. 413]; *State v. Thompson,* 13 La. Ann. 515; *State v. Roberts,* 50 W. Va. 422, 40 S. E. 484.

"Our statute was not intended to abrogate the common-law rule that in the discretion of the court a separate trial of joint defendants may be granted on the application of the state. It was intended by the statute to confer upon defendants a greater privilege than ever before possessed by them, the privilege of the right to a separate trial in felony cases upon their demand—a right not to be defeated by either the court or the prosecuting attorney.

"In such case the severance *must* be granted by the court. In all other cases the severance *may* be granted by the court. And this section, in order to promote the interests of justice, must be construed to mean that such a severance may be granted on the application of either the state or defendant.

"A *resume* of our position, concisely stated, is this.: That in felony cases, where a defendant demands it, a separate trial must be granted; that in felony cases, where the state asks it, a separate trial may be granted, in the discretion of the court; that in misdemeanor cases, where either party asks the severance, it is discretionary with the trial court to grant it."

We therefore hold that the court did not err in granting a severance to the state in this case.

Counsel next contends that the verdict is contrary to the evidence. To our minds this is a plain, ordinary case of cow stealing. People of this state have suffered so much from depre-

dations of this kind that it is high time for this class of criminals to know that they must respect the property rights of others, leave the state, or go to the penitentiary.

There are no material errors in the record. The judgment of the lower court is therefore, in all things, affirmed.

ARMSTRONG and DOYLE, JJ., concur.