BOWEN, Presiding Judge.
Anthony Dale Speaks was indicted and convicted for the sale of marijuana in violation of Alabama Code 1975, § 20-2-70. Sentence was thirteen years’ imprisonment. Restitution was ordered in the amount of $400. Six issues are raised on appeal.
I
The first issue presented for review is whether a judge may order a severance immediately before trial because of an insufficient number of jurors which are required for a joint trial of two defendants in the absence of a showing of any particular prejudice to a defendant.
The one-count indictment charged the defendant and Joseph S. Jones with the sale of marijuana to Randy Mobley on October 28, 1983.
On the day the defendant and Jones were scheduled for trial, the State did not specifically request a severance, but called only the defendant’s case for trial because there were fewer than the minimum number of jurors required for a joint trial of two defendants under Rule 15.4, A.R.Cr.P. Temp.
The trial judge stated that “[i]f counsel for both defendants would consent to striking a jury with less than thirty-six the Court would entertain a motion to try the case jointly.” The defendant’s attorney refused this offer and requested a continuance “because the preparation of the case was done with the understanding that it was going to be a jointly tried case” and *114 the severance “dramatically changes the manner in which it would be necessary that the case be tried.”
Defense counsel for co-defendant Jones stated that he “would personally prefer separate trials,” but had to “try Joey Jones this term to look after his best interests.”
When the defendant refused to waive the minimum jury requirement, the trial judge ordered a severance.
Rule 15.4(c), A.R.Cr.P.Temp. provides that “[defendants joined in the same indictment, ... shall be jointly tried unless severed as provided in sections (d) through (g).” A severance in this case was ordered because the minimum required number of venirepersons from which to strike a jury was not present. The trial court made no finding that the joinder of the defendant and Jones would prejudice either the state or either defendant.
A trial court may order a severance, without a finding of prejudice, with the agreement of all the parties. Rule 15.4(d). Here, there was no agreement by the parties.
Persons charged in the same indictment generally should be tried together. United States v. Parodi, 703 F.2d 768, 779 (4th Cir.1983); United States v. Russell, 703 F.2d 1243, 1247 (11th Cir.1983). However, it is a matter of discretion for the court, and not a right of the parties, to grant separate trials to defendants jointly indicted. Burkett v. State, 154 Ala. 19, 45 So. 682 (1908); Hawkins v. State, 9 Ala. 137 (1846). Severance is a matter committed to the sound discretion of the trial judge. United States v. Smith, 550 F.2d 277 (5th Cir.), cert. denied, Wallace v. United States, 434 U.S. 841, 98 S.Ct. 138, 54 L.Ed.2d 105 (1977).
At the hearing on the motion for new trial, defense counsel argued:
“[W]e objected to the severance because up to that point on the day of trial we had prepared our case based solely on the fact that these two cases would be tried together and that Mr. Jones would take the witness stand and deny any involvement in it and we presented evidence from Mr. Jones’ family — we did not call Mr. Jones to the stand but we presented evidence from Mr. Jones’ family that he wasn’t there.”
We find the trial judge did not abuse his discretion in ordering the severance. “A trial court has the authority to tightly control its docket.” United States v. Wirsing, 719 F.2d 859, 866 (6th Cir.1983).
“Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary ‘insistence upon expeditiousness in the face of a justifiable request for delay’ violates the right to the assistance of counsel.” Morris v. Slappy, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).
We further find no. merit to the defendant’s claim that the ordering of the severance and the denial of a continuance prevented him from being fully prepared for trial. Defense counsel made no representation that co-defendant Jones would have testified in his own behalf if he were tried jointly with the defendant — only that he “might have taken the stand as defendant and would not as a witness in another case.”
At trial, the mother and father of co-defendant Jones testified as defense witnesses that their son was home on the night when the marijuana sale occurred. The defendant did not call Jones to testify.
Proof that Jones was innocent did not tend to establish the defendant’s innocence. The defendant’s guilt was not inconsistent with Jones’ innocence. Here, as in United States v. Hyde, 448 F.2d 815, 832 (5th Cir.1971), cert. denied, 404 U.S. 1058, 92 S.Ct. 736, 30 L.Ed.2d 745 (1972), there *115 were no mutually exclusive theories of guilt.
“In his pre-trial motion for severance, Flowers asserted that his co-defendants could give exculpatory evidence and that they would be unwilling to do so as co-defendants. He does not on appeal assert this contention as a basis for a right to severance. Even if he had, it would be of little avail. The trial judge has discretion in determining whether to grant a severance. Smith v. United States, 5 Cir.1967, 385 F.2d 34. Because of this discretion and the advantage of a joint trial in certain cases, United States v. Kahn, 7 Cir.1967, 381 F.2d 824, 840, a defendant must clearly show prejudice to require reversal on the basis of a failure to sever. A number of courts have held that the mere unsupported allegation that a co-defendant would be more likely to give exculpatory testimony at a separate trial is not grounds for a finding of such prejudice. E.g. Smith v. United States, 5 Cir.1967, 385 F.2d 34; United States v. Kahn, 7 Cir.1967, 381 F.2d 824 at 841.” Hyde, 448 F.2d at 832, n. 26.
Compare United States v. Echeles, 352 F.2d 892 (7th Cir.1965).
II
On the 23rd of March, 1984, the defendant filed motions to produce “the substance of any oral communications between the Defendant and any law enforcement official” and any physical evidence the prosecution would use at trial. Trial began on April 5, 1984.
At a condemnation hearing held on March 21, 1984, counsel for both the defendant and Jones stipulated to the laboratory results “for the purpose of this hearing only.”
The record contains no ruling on the production motions. In denying the defendant’s motion for new trial, the judge made the following finding.
“Although it is probably not clear from the transcript of the instant hearing counsel also argued that they were denied an opportunity to examine the marijuana in this case prior to trial. Defense counsel argued that the State never contacted them concerning the availability of the evidence for examination. The District Attorney’s Office argued that the State was never contacted by the defense to arrange for examination.... Counsel did not waive any other grounds cited in their motion.”
At trial, when the expert testified to the results of his examination of the plant material, defense counsel objected on the ground of improper predicate. When the State moved to introduce the marijuana, defense counsel approached the bench and his remarks were “inaudible to reporter.” Defense counsel did not cross examine the State’s expert.
The defendant also argues that the “[fjailure of the trial court to order the District Attorney to disclose the substance of any oral statements made by the defendant before the arrest violated A.R.Cr.P. 18.1(a) and deprived this defendant of due process ...” Appellant’s Brief, p. 15. There was no evidence that the defendant made any statement after his arrest.
The motions to produce were filed thirteen days before trial. The record does not show that these matters were brought to the attention of the trial judge. There was no showing that the judge denied the motions or refused to rule on them.
At the condemnation hearing held fifteen days before trial, defense counsel continually objected to the State’s repeated attempts to elicit the defendant’s conversation with the undercover officer. The trial judge sustained those objections, finding that it was not necessary “to go into that.”
At trial, when one of the undercover agents was asked to relate his conversation with the defendant when the marijuana was purchased, defense counsel objected because “this was not produced for us.” This objection was overruled.
Rule 18.1, A.R.Cr.P.Temp., became effective April 1, 1984 — four days before the defendant’s trial on April 5th. This rule requires the trial judge, on motion of the defendant, to order the district attorney *116 “[t]o disclose the substance of any oral statements made by the defendant before or after arrest to any law enforcement officer, ... which the state intends to offer in evidence at the trial.”
Considering the fragmented state of the record and the fact that there was no ruling on the motions by the trial judge, this Court has no option but to affirm the action of the trial judge. There is simply nothing in the record to show any error.
Ill
At the condemnation hearing held before trial, the trial judge ruled that the testimony and evidence in that proceeding could not in any way be used at trial. The defendant argues that this constituted an unconstitutional restriction on his right of cross examination of police officer Richard R. Mobley concerning the accuracy of his observations.
At the condemnation hearing, Officer Mobley testified that he was one hundred yards from the defendant. At trial, he testified that he was within twenty or thirty feet of the defendant.
This issue was first raised in the motion for new trial. At trial, defense counsel did not attempt to impeach Officer Mobley with this testimony.
In denying the motion for new trial, the trial judge made findings concerning this issue:
“Prior to trial of this cause a hearing was held before another Circuit Judge on a petition to condemn defendant’s automobile due to the circumstances of this case. During that hearing the Judge' ruled that no mention of the condemnation proceedings could be used during defendant’s trial in chief. During the condemnation proceedings, ... one of the undercover agents testified that he and his partner were about 100 yards away from defendant when they observed him in several transactions with what appeared to be teenaged children. At trial both agents testified that they were twenty to twenty-five feet from defendant. ... Furthermore, counsel did not approach the trial court and make an offer of proof to justify using testimony presented at the condemnation hearing to impeach the State’s witnesses. In addition, the undercover officers testified that they approached defendant’s automobile and purchased one pound of marijuana from defendant and the other occupant.”
The defendant made no objection to the condemnation order either prior to or during the trial, and did not attempt to use any part of that hearing to impeach any witness at trial. There was, in fact, no limitation placed on the defendant’s right of cross examination.
IV
The defendant argues that the pre-sentence report reflected no reasonable basis for denying him youthful offender treatment. This argument is without merit.
The twenty-one-year-old defendant was observed selling marijuana to teenagers. He and his companion sold two undercover agents one pound of marijuana for $400. The probation and parole officer recommended that youthful offender status be denied.
V
The defendant contends that his thirteen-year sentence was “disproportionately harsh” compared to other defendants. At the motion for new trial, the defendant presented exhibits which allegedly show that over twenty drug cases were disposed of during the April 1984 term of the Circuit Criminal Court of Tallapoosa County, Alexander City Division, and that “in every case where a guilty plea was entered, the defendant received a sentence of less than five (5) years and often received probation or a ■ minor split sentence.” Appellant’s Brief, p. 18.
Assuming, but not admitting, the accuracy of the defendant’s analysis, there has still been no showing of disproportionality. *117 Two state undercover officers testified that the defendant “was the largest dope dealer in marijuana that they came in connection with in their three month or four month operation” in Tallapoosa County. Those agents personally observed the defendant sell marijuana to teenagers. In denying the motion for new trial, the trial judge found that the sentence imposed was “justified”.
Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), does not require “appellate courts to test all sentences against the proscriptions of the cruel and unusual punishment clause of the Eighth Amendment to the Constitution.” Ex parte Harbor, 465 So.2d 460 (Ala.1985). In Helm, the Court articulated three objective criteria that a judge should consider in determining the proportionality of a non-capital sentence: (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on similarly situated criminals in the same jurisdiction, and (3) the sentences imposed on similarly situated criminals in other jurisdictions. Our consideration of the evidence on those factors in this case convinces this Court that the defendant’s sentence is justified.
VI
The defendant argues that the District Attorney and his staff were guilty of several instances of misconduct in the prosecution of this case.
A
The defendant contends that the State failed to come forward and inform the defendant that the two undercover agents had misidentified co-defendant Jones as being with the defendant on the night of the marijuana purchase. The case against Jones, who was named as a co-defendant in the same indictment against the defendant, was nol prossed the day after the defendant was tried and convicted.
Assistant District Attorney Ray Martin testified that Jones’ case was not nol prossed because of a misidentification by the State’s witnesses and stated that he did not know of any misidentification.
Attorney Mark Clayton, who represented Jones, testified that before the defendant’s trial he had a discussion with the “District Attorney’s Office about the fact that Joey Jones was misidentified,” and that he discussed it with either Martin or Wayne Chase or both. On cross examination, Clayton admitted that Martin never admitted to him that there had been any misiden-tification.
In denying the motion for new trial, the trial judge considered this issue:
“Counsel argued further that the charges against a co-indictee were nolle prossed by the State because of misiden-tification. Testimony was not conclusive as to the reason for the motion to nolle pross, however a Deputy District Attorney categorically denied that the reason was misidentification.”
The factual basis for the defendant’s argument of the alleged suppression of the mis-identification is not supported by the record.
B
The defendant also argues that the prosecutor’s repeated references to the sale of marijuana to teenagers constituted misconduct.
At trial, Alabama Bureau of Investigation Agent Grady Gibson testified that on October 28, 1983, at 10:30 P.M., he observed the defendant and Joey Jones sitting in a Cadillac in the parking lot of Big O in Alex City. He observed four or five individuals, most of them being teenagers, walk up to the car, hand something to the defendant or Jones and receive a plastic bag. After observing this, Agents Gibson and Mobley purchased one pound of marijuana from the defendant and Jones.
At trial or in his opening remarks to the jury, the prosecutor argued that Officers Mobley and Gibson “observed several young kids and other people go to that car, hand money in the car and receive a bag of what appeared to be to them marijuana.” Defense counsel objected to the prosecu *118 tor’s “[t]alking about other offenses in which the defendant is not involved.” The trial judge denied the motion for a mistrial but instructed the jury to disregard the remark.
' The only objection made when Officer Gibson was asked to tell what he observed was “[w]e object to a conclusion of the witness.” On cross examination, Agent Gibson testified without objection that the defendant was probably the biggest drug dealer in the county and that they had received information from their informants that the defendant was “selling to teenagers on a regular basis on marijuana and selling over a very, very large scale on a regular basis.”
Agent Mobley testified that he observed four or five high-school-age persons hand the defendant money in exchange for a plastic bag.
Even had this issue been properly preserved for review, the admission of the evidence of the other sales of marijuana was proper. The sales were all conducted at the same place and near the same time. They were part of one continuing transaction and properly admitted even though each sale constituted a separate criminal offense. C. Gamble, McElroy’s Alabama Evidence § 69.01(3) (3rd ed. 1977). The other offense was also admissible to show that the defendant was acting pursuant to a single plan, design, scheme, or system. McElroy § 69.01(6). We find no error in their admission.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.