Prior report: 494 So.2d 112.
Certiorari was granted to determine whether a judge may order a severance of jointly indicted defendants immediately before trial because of an insufficient number of jurors, which are required for a joint trial of two defendants, in the absence of a finding of prejudice to a defendant. We answer in the negative and reverse.
The trial court ordered a severance of the cases on the day of trial after it determined that thirty-six prospective jurors were not present, A.R.Cr.P. 15.4 (h).
Rule 15.4 (c) and (d), which set forth the grounds for severance, provide as follows:
 "(c) Trial. Defendants joined in the same indictment, information, or complaint, or joined for trial by court order pursuant to section (b), shall be jointly tried unless severed as provided in sections (d)-(g).
 "(d) Severance Grounds. If the court finds that by a joinder of defendants in an indictment, information, or complaint, or a joinder by order of court, as provided in this rule, a defendant or the state may be prejudiced to the extent that a fair trial cannot be afforded, the court shall order a severance of defendants or provide whatever other relief justice requires. However, without a finding of prejudice, the court may, with the agreement of all the parties, order a severance of defendants."
It is clear that a severance is not authorized by the rule in the absence of a finding of prejudice to a defendant.
The trial judge asked counsel for both defendants if they would consent to striking a jury with less than thirty-six jurors. Petitioner's counsel objected and requested a continuance. Counsel further stated that he had prepared the case to be tried jointly and that severance would dramatically change his trial strategy.
We are of the opinion that the rule should have been followed, and we cannot conclude that Petitioner was not prejudiced by the severance order.
The judgment is therefore reversed and the cause remanded.
REVERSED AND REMANDED.
All the Justices concur, except STEAGALL, J., not sitting.