We granted certiorari to consider whether the Court of Criminal Appeals erred in holding that the municipal court acted outside its authority in treating Christopher Allen King as a youthful offender pursuant to Ala. Code 1975, § 15-19-1 et seq. (the "Youthful Offender Act").
For a detailed statement of the facts, see King v.Wooldridge, 547 So.2d 576 (Ala.Crim.App. 1988).
Reasoning that the crime with which King was charged is a misdemeanor and, therefore, that the Youthful Offender Act had no application, the Court of Criminal Appeals held that the municipal court lacked the authority to treat King as a youthful offender. The court then concluded: *Page 580 
 "The act of the municipal court purporting to extend youthful offender treatment to this defendant was therefore a nullity. As such, it could be set aside at any time. Neither did the circuit court err in finding as a matter of law that the municipal court acted within its authority in restoring this case to the trial docket."
We reverse and remand.
Section 15-19-1, supra, reads as follows:
 "(a) A person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall, and, if charged with a lesser crime may be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him. If the defendant consents and the court so decides, no further action shall be taken on the indictment or information unless otherwise ordered by the court as provided in subsection (b) of this section.
 "(b) After such investigation and examination, the court, in its discretion, may direct that the defendant be arraigned as a youthful offender, and no further action shall be taken on the indictment or information; or the court may decide that the defendant shall not be arraigned as a youthful offender, whereupon the indictment or information shall be deemed filed."
King was charged with driving under the influence of alcohol in violation of Ala. Code 1975, § 32-5A-191, which provides that, upon conviction, sentence of imprisonment for up to one year may be imposed. The Court of Criminal Appeals correctly held that a violation of that section is a misdemeanor. Section15-19-1 provides that a person charged with a "crime . . . subject to a sentence of commitment for one year" (emphasis added) may be treated as a youthful offender. In addition, Ala. Code 1975, § 15-19-6(d), states that "[i]f the underlying charge is a misdemeanor, a person adjudged a youthful offender may be given correctional treatment as provided by law for such misdemeanor." Thus, the Youthful Offender Act is clearly applicable to a person charged with driving under the influence of alcohol, provided that the offense "was committed in his minority but was not disposed of in juvenile court."
Notwithstanding Ala. Code 1975, § 26-1-1, the Youthful Offender Act remains applicable to persons who have not reached 21 years of age. Section 26-1-1 reads as follows:
 "(a) Any person in this state, at the arrival at the age of 19 years, shall be relieved of his disabilities of minority and thereafter shall have the same legal rights and abilities as persons over 21 years of age. No law of this state shall discriminate for or against any person between and including the ages of 19 and 21 years solely on the basis of age.
 "(b) This section shall also apply to any person who arrived at the age of 19 and 20 years before July 22, 1975, but shall not abrogate any defense or abridge any remedy available to him prior to such date.
 "(c) All laws or parts of laws which read 'under the age of 21 years' hereafter shall read 'under the age of 19 years.' Wherever the words 'under the age of 21 years' appear in any law limiting the legal rights and abilities of persons under such age, such words shall be construed to mean under the age of 19 years.
 "(d) Notwithstanding the provisions of subsection (c) of this section, nothing in this section shall be deemed to repeal any provision of chapter 19 of Title 15 of this Code [the Youthful Offender Act]."
By including subsection (d), the Legislature intended for the Youthful Offender Act to remain available to persons under 21 years of age. The Court of Criminal Appeals expressly recognized this in Wynn v. State, 480 So.2d 1, 3
(Ala.Crim.App. 1983) ("the Youthful Offender Act is excluded from the provisions of § 26-1-1 of the Code, designating the age of majority as 19 years *Page 581 
of age instead of 21 years"). See, also, Thompson v. State,354 So.2d 1132 (Ala. 1977); Speaks v. State, 494 So.2d 112
(Ala.Crim.App. 1985), reversed on other grounds, 494 So.2d 118
(Ala. 1986), on remand, 494 So.2d 119 (Ala.Crim.App. 1986);Norris v. State, 429 So.2d 649 (Ala.Crim.App. 1982). At the time he committed the offense, King was under 21 years of age.
Finally, the reference in § 15-19-1 to the filing of an "indictment or information" cannot be read as an expression of intent on the part of the Legislature that the Youthful Offender Act is to have no application to misdemeanor traffic offenses prosecuted in municipal courts. The Constitution of Alabama 1901, Art. I § 8 (Amendment No. 37), expressly authorized the Legislature to dispense with a grand jury in all cases of misdemeanor, and to authorize prosecutions and proceedings by information in such cases before justices of the peace or other courts of inferior jurisdiction established by law. Ex parte State, 71 Ala. 371 (1882). The use of the Uniform Traffic Ticket and Complaint ("U.T.T.C.") is now required of all law enforcement agencies and courts of this State in the prosecution of all non-felony traffic cases. Ala. Code 1975, §12-12-53; Rule 19, Alabama Rules of Judicial Administration; see Gandy v. City of Birmingham, 478 So.2d 11 (Ala.Crim.App. 1985). A U.T.T.C. is nothing more than "an allegation made before a proper judge or magistrate that a person has been guilty of a designated public offense." See Ala. Code 1975, §15-7-1. "The term complaint [as used in § 15-7-1] is synonymous with the term information, and is an economical, convenient, and speedy aid to the administration of justice which omits the necessity of a grand jury indictment." Gunn v. City ofBirmingham, 402 So.2d 1122, 1124 (Ala.Crim.App. 1981); see, also, Corum v. City of Huntsville, 491 So.2d 1091, 1093
(Ala.Crim.App. 1986).[1]
For the foregoing reasons, we hold that the municipal court had the authority to treat King as a youthful offender. Therefore, because the judgment of the Court of Criminal Appeals is based upon an erroneous conclusion of law, it is reversed, and the case is remanded to that court for further consideration consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
[1] We note that an "information" is defined in Rule 15.1(b), Ala.R.Crim.P., as "a written statement charging the defendant or defendants named therein with the commission of an indictable offense, made on oath, signed, and presented to the court by the district attorney without action by the grand jury." Rule 15.1(c), however, defines a complaint as "a written statement made upon oath before a judge or other official authorized by law to issue warrants of arrest, setting forth essential facts constituting an offense and alleging that the defendant committed the offense."